Ruffin, Chief Justice.
 

 Perhaps it is not entirely consistent with principle that this defence should be sustained in a Court of law; and it certainly does not fall within the statute of set-off, strictly speaking. But it has been generally understood by the whole profession of the bar and of the bench, in this state, for a period as far back as our memories reach, that the assignee of a note over due took it upon the credit of his endorser and subject to all the equities of the maker against payment. It seems to have been decided in England, about the time the case between these parties was before the Court on a former occasion, that the endorsee is liable only to such equities
 
 *284
 
 as arise out of the note transaction itself, but not to a set* off in respect of a debt due from the endorser to the maker, arising out of a collateral matter,
 
 Burrough
 
 v.
 
 Moss,
 
 10 B. & C. 558, (21 Eng. C. L. Rep. 128.) But so strong( was the impression here, that the rule embraced all equities between the parties, or, to use the- language of Chief Justice Hendekson, all exceptions to payment, that on the former argument, the contrary was not contended
 
 \
 
 but the effort was to make out a paramount equity on the side of the plaintiff, upon the ground that the delivery to his agent was equivalent to an assignment under the circumstances., It is remarkable too, that in the case in the Court of the King’s Bench-, all the judges were at first doubtful, and two of them expressed themselves in favour of allowing a-discount of the endorser’s own note to the maker. This shows that the same notion prevailed there that did here, though finally they agreed in restricting the rules to the terms mentioned. But it may be asked, how
 
 equities against the note,
 
 unless they amount to payment, can be noticed at law', more than
 
 equities
 
 between the parties. The one seems to be as much against principle as the other. Equities against the note can only mean such things as would amount to a defence at. law for the maker, if sued on the noté by the payee and endorser. They can not include such defences as would be merely a ground of relief in a Court of Equity between those parties. We suppose that an agreement that a particular sum or demand of the defendant should be applied to the note, is an equity alluded to. It seems quite reasonable that the assignee should be bound by such an agreement. But upon what principle can it be done; and under what plea
 
 1
 
 The principle must be that the defence might have been made if the suit had been instituted by the endorser or in his name; and that he ought not to have it in his.power to deprive the defendant of it by assigning the note. Within that principle falls every demand of the maker against the endorser, which, at the time of the endorsement, w»as available as a defence at law. As for the plea, it is enough to say, that if the facts constitute a bar, they may be brought forward in several appropriate ways
 
 *285
 
 according to the action. If that be assumpsit or debt up-'«in a bill or note,
 
 non assumpsit
 
 or
 
 nil debet
 
 will cover the ■Case; because it cannot be implied that the defendant pro- . , . r , , i-, mised to pay the assignee more than he ought justly to pay to his assignor. If the action be debt on a bond '{’which is the case here,)
 
 non est factum
 
 will not admit the ‘defence; and therefore it must be pleaded specially as is done here. It is admitted, that under the statute strictly, the plea of set-off admits the debt to the plaintiff on the record, and offers to set off against it a mutual demand of the defendant against him. But/that will not prevent a plea of set-off which admits the debt to the assignor, and insists on a right to a deduction or set-off against it at the time of the assignment, which he offers now to set off, provided those facts amount to a defence in law. The question depends upon the rights of the parties, and not on the mode of pleading. The latter is indeed evidence of the law as to the right. In the cases of bills and notes the question has always been determined on the general issue; and when the law made bonds negotiable and gave the assignee an action of debt, in which the general issue is confined to the execution and validity of the deed, the matter which in the other actions availed upon the general issue, must in this be sufficient in a special plea. Upon the justice of allowing the defence there cannot be much difference of opinion. When, a debt falls due, the debtor ought to provide for the payment in money or counter demands. It is a presumption that he will do so; and that he has done so; and after it is due, that he has paid it, or is not bound to pay it. The dishonour of the note puts every one on his guard ; and he who takes it in that State, without communication with the maker, takes it at' bis own risk, and ought to stand in the shoes of the former holder. Here, however, the endorsee received express notice from the defendant that he had an equity against the note, and wished to save himself from loss on his sure-tiship for Barnes by applying the money he might pay as ■surety, in discharge of this note; and after M‘Nair had paid the debt as surety for Barnes to this same individual, be took an assignment of the instrument now in suit.
 
 *286
 
 Although the case does., not expressly state the fact, it is plain that Barnes was insolvent, and could not secure the plaintiff, nor indemnify the defendant, but to the extent of this bond; and each party was trying to save that much. A Court of equity would, therefore, undoubtedly relieve the defendant; and it is not seen why, if a Court of law can do so in any case, it should not be done in this, since it is only giving the same defence against the note in the plaintiff's hands, that was valid and legal against it at the moment of its leaving Barnps’s hands. An assignee of negotiable paper before it is due, holds it above all objections, unless it be void by statute’or unless he have express notice. It is but reasonable that an assignee of over-due paper
 
 should
 
 hold it as his assignor did; because the state of the paper is notice that there is a defence, unless the maker hold out the contrary. Upon such considerations probably, the judges inclined in
 
 Burrough
 
 v.
 
 Moss
 
 to sustain the defence; and they ultimately gave but one reason for not doing so, which is, “ that the cases had not yet gone that length.” Now, on that we have to say, that there have been many cases which have gone to the
 
 fall
 
 extent with us on the circuits ; and also a solemn decision of this Court between these very parties; and, therefore, we are not making a new precedent, nor introducing a new principle, and certainly not an unjust one. If there be an error at all, it is in allowing paper to be negotiable at law after it has been dishonoured, which is too firmly established to be altered; but it cannot be wrong to protect the maker from the fraud of the holder, in assigning a note when the latter owes the former an equal or perhaps a larger amount, then due. The endorsee, although not designing to participate in the fraud, has no body to blame but himself, if the maker insists upon his defence; for the paper spoke for itself, and he purchased with his eyes open.
 

 The result of our opinion is, that judgment was properly given upon the case agreed for the defendant, and it must be affirmed.
 

 Per Curiam. Judgment affirmed.