I think there was error in both of the (337) grounds assumed as the basis of the decision in the court below.
There was error in the legal effect given to the agreement as to the mode in which the note was to be paid. That agreement did not have the effect of a payment, or any other legal defense; it was a confidence in trust, or understanding, that the debtor should be at liberty, when the note became due, to make payment in such debts or demands against the creditor as the former should pay off for the latter; it was a trust or agreement which equity would prevent the creditor from defeating and to which it would subject a purchaser who acquired the legal title, provided his conscience could be affected by proof of notice, in the same way as one who takes the legal estate in land from a trustee is required to perform the trust, provided he had notice, on *Page 246 
the ground that he was particeps criminis in the breach of trust. But this is a principle which does not obtain at law. There the legal title prevails, and, under the statute, the plaintiff in this case became the legal owner by the indorsement.
I confess it is difficult for me to conceive how there can be a payment or any legal defense (other than such as avoids itab initio) to a debt before it is due; but make the supposition, there was also error in the idea that, in a court of law, it was admissible to show that the indorsee had notice before the indorsement, and upon the ground of such notice defeat his legal title. A court of equity assumes that the title passes, and the remedy proceeds on the ground that the purchaser or indorsee should be declared a trustee by reason of his being affected with notice. This mode of giving relief never has been attempted in a court of law.
(338) If money be accepted as a payment before the note falls due, and it is indorsed as such on the note, the legal effect is to extinguish the note to that amount; its existence only continues as to the balance due, which is all that can pass by the indorsement. The effect is the same as if the first note had been canceled and a new note given; in other words, when payments are indorsed the indorsee takes the note in its "then state and condition," and acquires title only to such part as in law has an existence.
But if money be accepted as a payment before the note falls due, its legal effect is not to operated as a payment, so as to make an extinguishment to that amount. It is a mere agreement, trust or confidence that it shall be applied as a payment when the debt is due; it is a thing not done, but only agreed to be done, and if the note is indorsed the whole legal title passes and the party can only have relief by commuting the purchaser into a trustee. A contrary rule would subvert the whole system of the negotiability of notes, which it has been the policy of our statutes to extend.
The doctrine in reference to notes indorsed after maturity is fully discussed and settled in Haywood v. McNair, 14 N.C. 231; s. c., 19 N.C. 283, and in the opinion of the Chief Justice in this case, in which I fully concur.
PER CURIAM. Judgment reversed, and venire de novo.
 Cited: Capell v. Long, 84 N.C. 19. *Page 247 
(339)