## C. M. PHIPPS et al. *v.* SHEGOGG & SON. .

1. SET-OFF.—In a suit by the indorsee of a promissory note against the maker, the latter will be entitled to use, as a set-off or payment, a legal and valid claim, which was acquired by purchase from a third party, before assignment of the note.

2. SAME.—A defendant will not be entitled to introduce evidence to establish a payment or set-off, unless he file with his plea an account stating the nature of the payment or set-off, and the several items thereof, unless the same be so plainly and particularly described in the plea, as to give the plaintiff full notice of its character.

IN error from the Circuit Court of Lafayette county. Hon. P. T. Scruggs, judge.

Shegogg & Son sued in the Circuit Court of Lafayette county, C. M. Phipps, maker, and Wyatt & Spencer, indorsers, upon a promissory note made by Phipps, payable to Wyatt & Spencer, for $91. The defendant, Phipps, pleaded the general issue, a failure of consideration, and also the following:—

"And for further plea in this behalf, the said defendant, Phipps, comes and says, that before said promissory note sued on was transferred by the said Wyatt & Spencer to the said Shegogg & Son, he, the said Phipps, held, and now holds, a set-off against the said note, upon the said Wyatt & Spencer, to a larger amount, to wit, $92, than the amount of the note executed by him to the said Spencer & Wyatt, now sued on, and which he prays may be allowed as a set-off against the said promissory note given by him to the said Wyatt & Spencer, and now sued on by plaintiffs; and he pleads the same in bar of this action, as to himself."

VOL. I.—16

Upon these several pleas issues were taken, and the cause submitted to a jury.

Upon the trial, defendant, Phipps, offered to prove the correctness of his set-off, by one T. Moore. The set-off which was offered to be introduced, was an open account in favor of Peterson & Phipps, for $92, and assigned by them to C. M. Phipps, the defendant. The court below excluded the witness, and that is assigned as error in this court. Verdict and judgment in favor of plaintiff, in the Circuit Court.

*J. F. Cushman,* for appellants

The only question involved in this case is, whether the court below erred in ruling out the testimony (Moore's,) introduced by defendant, (Phipps,) to prove the set-off filed by him to the note sued on, and also to prove other transactions and agreements that took place between Phipps and Wyatt & Spencer, at the time he executed the note to them; and which they afterwards assigned to Shegogg & Son.

A copy of the note sued on is not in the record, but it is admitted that it was executed on the 26*th day* of December, 1853, as alleged in the appellee's declaration, and payable one day after date, for the amount stated. It will also be seen, that the account which was contracted by Wyatt & Spencer with Peterson & Phipps, and which Phipps has filed as a set-off to the note given by him to Wyatt & Spencer, was assigned to him (Phipps,) *on the* 27*th* day of December, 1853, *one* day after the note was executed, and before Wyatt & Spencer had assigned the note to Shegogg & Son. This fact Moore could have proven, had he been permitted to testify, as well as to the correctness of the account filed as a set-off; and the witness might also have proven that there was an understanding between Phipps and Wyatt & Spencer, at the time the note to him was executed by Phipps; and that they agreed that the account due the firm of Peterson & Phipps from Wyatt & Spencer, should go in payment of the note executed by Phipps to them. Certainly such would have been competent testimony; but the circuit judge refused to hear the witness testify to anything connected with the account or the transaction, and ruled the account

out of court. This certainly was error, and the witness should at least have been permitted to give evidence in relation to the transaction.

The account, which was regularly assigned to Phipps by Peterson & Phipps, was a legal set-off to the note sued on; and Phipps obtained it before Wyatt & Spencer had assigned to Shegogg & Son the note executed by Phipps to them. A set-off is in the nature of a cross-action, and, if Phipps could have brought suit on the account, which no one will dispute, then he certainly had the right to file it as a set-off against the claim upon which he had been sued.

The rule has been heretofore established by this court, that it will always take notice of and protect the rights of the person in whom the beneficial interest is vested in a claim; and the court will not permit any one, after he has parted with his interest in it, to have any further control over it; nor will the interest of any assignee be affected by the subsequent insolvency or acts of the assignor. *Defrance* v. *Reese,* Walk. 69; *Stonall* v. *Northern Bank of Miss.,* 5 S. & M. 19. Upon the same point, see *Everit* v. *Strong,* 5 Hill, (N. Y.) 163; *Otwell* v. *Cooke,* 9 B. Monr. 357; 4 Mass. R. 509; 1 Term R. 619; Montague, Set-Off, 12, &c.

*J. M. Howry,* for defendants in error.

Shegogg & Son sued Phipps, the plaintiff in error, as maker, and Wyatt & Spencer, as indorsers of a promissory note, executed on the 26th December, 1853, and which was assigned by them without date. By reference to the bill of exceptions, it will be seen, that on the trial of the cause in the court below, the appellant, *Phipps, offered to prove* by the witness, (Moore,) as a set-off to the note sued on, an open account for $92, which Wyatt & Spencer owed to the firm of Peterson & Phipps, and the court ruled out the testimony; *and this is the only question in the cause.*

Did the court err in ruling out said testimony?

We think not. Where there are mutual dealings between parties, the law of set-off will apply, but between an *individual* and *partners,* a set-off will not be allowed unless it is embraced by the statute.

The parties must be the same, and the dealings mutual. In this case, C. M. Phipps was sued. Peterson & Phipps, it appears, assigned an *open account* to said C. M. Phipps, on the day after the note was executed.

An open account is not assignable in this state. The act (Hutch. Code, 640,) enumerates bills, bonds and promissory notes.

In the case of ——— v. ———, 7 S. & M. 9, the question is expressly settled.

" A set-off must be *mutual*, that is, between the same parties." " The parties must be dealing together."

" The individual debt of W. could not be set off against the joint debt of B. and M." 7 S. & M. 9.

The plea of payment was the proper plea, with a bill of particulars. *Alliston* v. *Lindsey*, 12 S. & M. 650.

In a plea of set-off, the items must be filed with the plea, or *non assumpsit* with items. No evidence appears in the record, that the items were filed.

The plea is vague and uncertain, as to the set-off. It only declares that he holds a set-off of about $92.

The position assumed by opposing counsel, that the witness, (Moore,) would have proven *other transactions* and *agreements* between Wyatt & Spencer, and Phipps, the maker of the note, is not sustained by the record.

The open account in favor of *Peterson & Phipps*, against Wyatt & Spencer, was offered, and the witness, (Moore,) was introduced to prove it. To prove what? The open account, of course. The record does not show that witness was to prove any thing else but the open account, which was offered as a *set-off*. The court properly decided, that the witness could not testify to prove a set-off which was illegal. This was all the witness was called on to prove.

If the defendant below, (Phipps,) had introduced the witness to prove " *other transactions* and arrangements" besides the set-off, he ought to have set out what he expected to prove, and then this court could judge of its legality. But they will not reverse the judgment, to enable the witness to testify to the set-off in this cause and " *other transactions*."

The assignment is relied on as vesting in the plaintiff in error

a right of action against Wyatt & Spencer. Shegogg, the assignee of Wyatt & Spencer, had no notice of Phipps's claim, even if the assignment was legal. They may have held the note immediately after its execution. Nothing appears to show when they obtained it, and if left to inference, it may as well be inferred that they held it immediately, as that it was transferred after the transfer of the account.

In a case involving principles so well settled, we deem it unnecessary to pursue the subject further.

SMITH, C. J., delivered the opinion of the court.

This suit involves a single question, arising upon the ruling of the court, in rejecting the testimony of the witness offered by the defendant.

This suit was brought on a note made by plaintiffs in error, payable to Wyatt & Spencer, which was transferred by indorsement to the defendants in error, after it had fallen due.

Phipps claimed as a set-off to the demand sued for, the amount of an open account in favor of Peterson & Phipps, and against the payees in the note. The open account was assigned to Phipps in writing, before the note was transferred by them to defendants in error. To prove the account, Phipps offered the witness whose testimony was ruled out.

By the assignment, Phipps acquired the equitable title to the amount due upon the account; and had a right to sue in the name of the assignors for his own use. He had, therefore, a demand against Wyatt & Spencer, which he could have enforced in a suit at law. Hence, we see no sufficient reason why he should not be permitted to avail himself of this demand as a set-off to, or as a payment of the claim asserted by the defendants in error; provided he could have made it available for either purpose, if the suit had been brought by the payees in the note instead of their indorsers. The statute is direct to this point. Hutch. Dig. 640, § 9.

In every action in which the defendant desires to prove any payment or set-off, he is required to file with his plea an account stating the nature of such payment or set-off, and the several items thereof, or he will not be allowed to prove, on the trial, such pay-

ment or set-off, "unless the same be so plainly and particularly described in the plea, as to give the plaintiff full notice of the character thereof." Hutch. Dig. 847, § 61.

There is nothing upon the record in this case, which shows that the account referred to in the answer, or that any account whatever, was filed with the plea or answer of the plaintiff in error. And it is manifest, that there is no such plain and particular description contained in the answer, as to give full notice of the character of the account. For this reason, we presume, the testimony of the witness was excluded, and we think properly.

Judgment affirmed.

A re-argument was asked for, but refused.