Pearson, J.
 

 A set-off is a cross action by the defendant against the plaintiff, which is allowed by statute to avoid a multiplicity of suits, when the debts are mutual, i. e., when the parties are the same, and the debts are due in the same right; accordingly, in
 
 Worth
 
 v. Fentress, 1 Dev. Rep. 419, to a plea of set-off, plaintiff was allowed to rely upon several matters of defense by way of replication, which could only be done under the statute of Ann, which permits several defenses to be made by
 
 plea,
 
 but does not extend to the replication by treating the plea of set off, as an action on the part of the defendant; so, in
 
 Wharton
 
 v.
 
 Hopkins,
 
 11 Ire. Rep. 505 : to a plea of set-off against the assignor of the plaintiff, he was allowed to rely upon a set-off, which the assignor was entitled against the defendant by way of replication. “ In. all cases of joint obligations, or
 
 assumptions of copartners in trade,
 
 or otherwise, suits may be brought against all or any number of the persons, making such obligations, assumptions or agreements,” Eev. Code, ch. 31, sec. 84. If the defendant had sued Klapp alone, on the note given by him and Holt, before Klapp had transferred the note in controversy to the plaintiff, there can be no doubt that he, Klapp, could have relied upon it by the way of set-off; it follows that if Klapp had sued the defendant on the note in controversy, he might have relied upon the note of Klapp and Holt by way of set-off ; because he had the right to sue Klapp alone, and the set-off is a cross action between the same parties. As the note was assigned to the plaintiff after maturity, it was subject to the same defense that could have been made to it while it was held by the assignor.
 

 The case of the
 
 State Bank
 
 v.
 
 Armstrong and others,
 
 4 Dev. Rep. 519, was cited as opposed to this conclusion : We do not think so. The original action was brought against five obli-gors, and it was held, that one of the defendants could not rely upon a debt, due to him.alone by the plaintiff, as a set-off, on
 
 *362
 
 tlie ground that, in the cross action the parties were not the same as in the original action. We admit, if the defendant had sued Klapp and Holt jointly on the note due him, then Klapp, according
 
 to
 
 that case, if it be
 
 correctly
 
 decided,
 
 could not have
 
 used the note, due to him alone by the defendant, as a set oif, because there would have been different parties to the original and cross actions. But no such difficulty is presented as our case stands. The original suit is by Hurdle, who stands in the place of Ivlapp, against the defendant, and the cross action, or set-off, is by the defendant against Klapp. So, the parties, in both, are the same, and the circumstance, that the defendant has also a several cause of action against Holt, on the same note, does not affect the principle There is error.
 

 Pee CueiaM, Judgment reversed, and a
 
 venire de
 
 novo.