Manly. J.
 

 We do not perceive why the money paid by the executors of George Wilcox on their testator’s liability as surety of William P. Wilcox, is not a good set-off in this action. The case states that the note sued on was transferred by endorsement, after it became due, and, moreover, at the time of the transfer, that the endorsee knew of the existence of the counter demand, and so, the debts being mutual, it will follow that, in all points of view, it was a proper case for set-off. The doctrine upon the subject of set-off, under circumstances, like the present, was discussed and explained in
 
 Haywood
 
 v.
 
 McNair,
 
 2 Dev. and Bat. 283, and has been considered, we think, settled, since that day.
 

 We suppose, indeed, it was not intended to renew, here, the questions settled by that case, but to bring forward, through the clauses of the will quoted, a question as to the effect of that instrument upon the set-off proposed.
 

 We have examined the clauses and do not find any thing in them to affect the rights of the parties in this suit. There is no recognition of the testator’s liability as surety for William P. Wilcox upon the notes to Murchison, and, of course, no release to him of his responsibilities to testator, which might arise from that liability.
 

 The testator’s opinion as to the fairness of the division of his estate, hóweyer erroneous and unjust to the son, William,
 
 *351
 
 does not affect the question as to what is given in the will, or what exemptions are secured thereby. There is no ambiguity in the instrument. The testator admits his liability to pay a sum of money to William, which we take to be the note in suit, (as none other appears) but nowhere expresses an expectation of becoming a creditor of William, either by reason of suretyship or otherwise, and, consequently, no where adds such contingent amount to the legacy left him.
 

 The money then paid by the executors of George, by reason of testator’s surety-ship for his son William, was a subsisting claim against William ,P. at the time of the transfer of the bond, and is, therefore, a proper set-off in the action.
 

 We are of opinion, upon the case agreed, that the judgment below is erroneous and should be reversed, and judgment entered for the defendant.
 

 Per Curiam,
 

 Judgment reversed*