DICKINSON v. DUSTIN.

---

## Asa D. Dickinson and Lothrop S. Hodges v. Selah Dustin.

*Pleading in assumpsit: Defective statement of consideration.* A statement of a consideration in a declaration in *assumpsit*, so defective as to be demurrable, will nevertheless be held good after verdict, if the consideration referred to can possibly be valid.

*Examination of witnesses: Impeachment.* The entry on the records of a Circuit Court reciting that an attorney had been guilty of malpractice and directing the Prosecuting Attorney to draft and perfect proper charges, whereupon the attorney appeared, confessed his misconduct and tendered a return of his license, which was accepted and his name stricken from the roll of attorneys, is not admissible to impeach the veracity of the attorney when examined as a witness.

While it is not improper on cross-examination to question a witness upon his previous criminal punishment or conviction,—*Wilbur v. Flood*, 16 *Mich.* 40; *Clemens v. Conrad*, 19 *Mich.* 170;—he can only be directly attacked by record evidence of his conviction.

The veracity of a witness cannot be impeached on the assumption that he must have known all that is brought home to his attorney.

*Proceedings for contempt: Against an attorney for misconduct: Record.* A record of conviction for contempt punished summarily, may, perhaps, be comprehended in the single order and judgment. But when an attorney is tried for any other misconduct it can only be done on specific charges; an opportunity for a full defense must be afforded, so that there may be, if necessary, a resort to an appellate court to determine their legal sufficiency.

*Heard October 12. Decided October 18,*

Error to Wayne Circuit.

21 MICH—S³.

DICKINSON *v.* DUSTIN.

This was an action of *assumpsit* brought by Selah Dustin, in the Circuit Court for the County of Wayne, against Asa D. Dickinson and Lothrop S. Hodges.   The plaintiff declared specially:

"For that, heretofore, to wit: on the fifteenth day of November, in the year of our Lord eighteen hundred and sixty-five, the said Asa D. Dickinson and one Charles P. Crosby were doing a general law and collection business in Detroit, under the name and style of Dickinson and Crosby, and they, the said Dickinson and Crosby, on the time aforesaid, to wit, at Detroit, aforesaid, were indebted to the plaintiff in the sum of ten thousand dollars, for money had and received by the said Dickinson and Crosby, to and for the use of the plaintiff, in the course and as a part of the general law and collection business in which they were engaged.   That afterwards, to wit, on the said fifteenth day of November, A. D. 1865, the said Dickinson and Crosby dissolved their said business connections, the said Crosby leaving the said business, and thereupon the said Lothrop S. Hodges entered into the like business relations with the said Asa D. Dickinson, for the transaction of the same general law and collection business, under the name and style of Dickinson and Hodges; and in consideration that the said new firm of Dickinson and Hodges were to continue and carry on the same general law and collection business of which they were the successors and purchasers from said Dickinson and Crosby, and have the benefit thereof, and were to a great extent to continue business already in the hands of said Dickinson and Crosby, of which said indebtedness formed a part, they, the said defendants, purchased and assumed the said indebtedness of the said Dickinson and Crosby to the plaintiff, and for the like consideration, and that the defendants should and would go on and complete the business of the plaintiff,

then in the hands of the said Dickinson and Crosby, they, the said defendants, on the day and year last aforesaid, undertook and promised to and with the said plaintiff to pay the said indebtedness to the plaintiff when they should be thereto afterwards requested; and the defendants, though often requested so to do, have not paid the said sum of money, or any part thereof, but have wholly neglected and refused so to do." To which the common counts were added.

The defendants pleaded the general issue and gave notice of set off. On the trial a verdict was rendered in favor of the plaintiff, and the judgment entered thereon comes into this Court by writ of error. The questions which were raised upon the trial and which are here reviewed, fully appear in the opinion of the Court.

*C. I. Walker*, for plaintiff in error.

*Levi Bishop*, for defendants in error.

CAMPBELL, CH. J.

Dickinson and Hodges were sued, among other things, to recover certain moneys collected by a former firm of Crosby and Dickinson, upon the ground that Hodges had taken Crosby's place in the firm, and assumed the liabilities by an arrangement to which Dustin was a party. Judgment was given against them.

It is claimed as error that the declaration sets forth no sufficient consideration for the promise to pay that indebtedness to Dustin. The objection was not taken by demurrer, but was taken for the first time at the trial. The declaration was very defective in this regard, but it appears from it that the money was collected as a part of the general collecting business of the old firm; that Hodges was to take Crosby's place and continue the same business which was

in their hands and as a part of the transaction assumed the indebtedness, and in consideration that they were to go on and complete Dustin's business, agreed with Dustin to pay him the debt. In a very roundabout and inferential way, but nevertheless intelligibly, we think, it appears that the retention of Dustin's business was the consideration of the promise to pay him what had been assumed as between the new firm and the old. We cannot take it for granted. this was a valueless arrangement,—so far as appears from the face of the declaration, and in the absence of a demurrer, we think it comes directly within the principle of *Kean v. Mitchell, 13 Mich. R., 207,* that a defective statement of consideration is good unless demurred to, if the consideration referred to can possibly be valid.

The Court below refused to charge the jury "that there is no testimony tending to prove that Hodges, or Hodges and Dickinson, ever undertook by any valid binding contract to pay to the plaintiff any other sum than stood to his credit on the books of Dickinson and Crosby, or that he or they undertook to pay that sum in other way than by deducting the amount thus standing to plaintiff's credit from the compensation to be received in the Pere cases." This is also assigned as error.

We find no foundation for such a request in the record. The testimony for the defense was to the purport claimed, but Captain Dustin's testimony was to the purport that he had given his business to the old firm on certain terms; that his securities were in their hands for collection; and that his consent was obtained that it should continue with the new firm, and that they were to assume the indebtedness. He denies entirely the facts set out in the request to charge, and the dispute of fact was to be settled by the jury.

It was also assigned as error that Hodges, who was a

witness, was allowed to have his credit impeached by a certain entry on the records of the Wayne Circuit Court, in the following terms, and dated March 16, 1869.

"In the matter of Lothrop S. Hodges, an attorney and counselor at law. It appearing to the Court by the testimony of the said Lothrop S. Hodges, given in open court, on the 13th day of March, instant, in the cause of *Griffin v. Phelps, file No. 14,006,* that the said Hodges is guilty of malpractice and other offenses, which involve a want of moral character sufficient to entitle him to practice as an attorney at the bar, and the Court having then directed the Prosecuting Attorney to draft and perfect the proper charges against the said Lothrop S. Hodges, and the said Lothrop S. Hodges subsequently, and on the 15th day of March, instant, having appeared in open court, and acknowledged his misconduct, and resigned and tendered to the Court his license to practice, ordered that the said license be accepted, and that the same be and is hereby canceled and annulled, and that the name of Lothrop S. Hodges be and the same is hereby stricken from the roll of attorneys."

This testimony was not competent. We have held that it is not improper on cross-examination to question a witness upon his previous criminal punishment or conviction. — *Wilbur v. Flood, 16 Mich., 40; Clemens v. Conrad, 19 Mich., 170.* But he can only be directly attacked by record evidence of his conviction, and we do not think this document can be used as a record of that sort. A record of conviction for a contempt of court, punished summarily may, perhaps, be comprehended in the single order and judgment. But where an attorney is tried for any other misconduct, it can only be done upon specific charges and an opportunity to be heard upon them, so that there may be a full defense, and an appellate court can, if resorted

to, determine their legal sufficiency. The judgment and hearing must be, as in other cases, upon the particular charges he is called upon to answer.—*Ex parte Bradley, 7 Wal., 364.*

. In the present case it would seem that the witness had, upon the trial of the cause named, stated something in his testimony which led the Court to determine that he ought to be held to answer charges of professional misconduct and other offenses, and that some order was made directing the Prosecuting Attorney to prepare charges against him. This order is not produced. We are not, therefore, informed whether it was specific or general, nor whether it was expected the proceedings would be summary, or in the regular course of a criminal prosecution. The subsequent conviction in the Recorder's Court cannot, of course, explain this Circuit Court entry. It appears, however, that there was no order to show cause, but that the proceedings, wherever they were to be, were to be upon regular charges presented by the public prosecutor. If those charges were presented and the acknowledgment of the respondent was based upon them, it was necessary to produce them as part of the record. As it now stands, and as was probably the fact, the respondent, before any charges were presented, seems to have been permitted to resign his certificate upon some confession of misconduct. But an admission of criminality not made in connection with a criminal charge, and in the form of a plea of guilty, stands like any extra judicial admission, and cannot be entered of record alone as the foundation of a judgment. It is plain that the paper produced is nothing more than an official entry of the circumstances which led the Circuit Court to accept an attorney's resignation, and is in no sense a judgment or conviction.

Upon the trial of this cause, Dickinson, one of the defendants below, denied having had any personal knowl-

edge before suit that the plaintiff had ever set up any claim against them for a certain item in his bill of particulars. In order to impeach him upon this point, evidence was received that in a former suit the same item had been included in particulars of set-off, served upon the attorney of the parties, but not shown to have come to Dickinson's knowledge. This was clearly wrong. A notice to an attorney is binding upon his client in the cause, but it is quite possible for the client to be ignorant of it. A man's veracity cannot be impeached on any assumption, that he must have known all that is brought home to his attorney.

The judgment must be reversed with costs, and a new trial granted.

COOLEY and GRAVES, JJ. concurred.

CHRISTIANCY, J. was not present on the argument of this case.