The opinion of the court was delivered by
Valentine, J.:
This was an action on a promissory note.
The plaintiff in error (defendant below) says in his brief that, “The rulings of the district court which plaintiff in error seeks to have reviewed in this case are two: First, Has the district court jurisdiction of actions on contract for the recovery of money only, where the amount claimed does not exceed $300? And second, Is a defendant deprived of his right of set-off, or counterclaim, against the assignee of a promissory note where the assignment of such note is made after the maturity of the note?”
The first question we must answer in the affirmative, as the question has already beeen so decided in this court. Henderson v. Kennedy, 9 Kas., 163. The note -sued on in this case was for $79, with interest thereon at the rate of ten per cent, per annum for over three years, making the amount claimed over $100. The judgment was for $116.95, and costs of suit.
The second question we must answer in the negative. (Gen. Stat., 635, 649; code, §§ 27, 100.) This question has also been decided obiter in this court. (Leavenson v. Lafontaine, 3 Kas., 523, 526.) The payor of a' promissory note, who may have a counterclaim or" set-off against the payee of the *48 note, is not deprived of the benefit of his counterclaim or set-oif by an assignment of the note after maturity. On the contrary, he is entitled to have one demand satisfy, the other up to the amount of the smaller demand; but he is not entitled to have an affirmative judgment rendered in his favor, and against the assignee, for any excess of his demand over and above the amount of the promissory note.
Whether the court below committed any error or not, is not clear from the record; but we feel clear that no material error, no error affecting the substantial rights of the defendant below, was committed. The defendant took no exceptions to any of the instructions given by the court'to the jury, and hence we cannot consider any of such instructions, although some of them have been brought to this court. Neither has the plaintiff in error brought all the evidence introduced on the trial to this court, and hence we must presume that there was sufficient evidence to sustain the verdict.
The plaintiff in error however complains of the exclusion of certain evidence which tended to prove his third defense. The petition below shows that the note sued on was executed by the defendant below to one Robert C. Black, and assigned by Black after maturity to the plaintiff below. Besides a general denial to the petition, the defendant below set up in his answer three separate defenses. The first defense alleges that said note was given in consideration of certain breaking which said Black falsely claimed to have done on the defendant’s land in the state of Illinois in accordance with a certain contract which had previously been entered into between said defendant and said Black; but said defendant further alleges in-said defense, “that the breaking was not done according to said contract, and was of no value to this defendant whatever, but was a great damage to this defendant, to-wit, in the sum of $100.” The second defense states substantially the same facts as the first, except the $100 damages, and then adds “whereby said promissory note was wholly without consideration.” The third defense alleges substantially the same facts as the first and second, and then adds that “by reason of the *49 failure of the said Robert -C. Black to perform his part of the said contract this defendant lost the usex of said land one whole season, and this defendant was compelled to hire said breahing done by other parties, to the. damage of this defendant in the sum of $100. This defendant therefore prays that he may have judgment for the sum of one hu/ndred dollars his damages, and costs of suit.”
The court allowed evidence to be introduced under the first and second defenses and to prove the same, but refused to allow 'evidence to be introduced under the third defense. That is, it would seem that the court allowed the defendant to show what the note was given for; that the breaking was not done according to contract; that the breaking was of no value; that the defendant was damaged to the amount of $100, and that the note was without consideration, for the purpose of defeating a recovery on the note, but would not allow the same facts to be proved nor evidence to be introduced showing that “the defendant lost the use of his land for- one whole season,” and “was compelled to hire said breaking done by other parties,” for the purpose of obtaining an affirmative judgment, not against Black, the payee of said note, but against the plaintiff, an assignee of said note. This was right. As we have before stated, the payor of a promissory note is not entitled to have an, affirmative judgment rendered in his favor and against the assignee of the note for any excess of his counterclaim or set-off over and above the amount of the promissory note. But he can set up and prove his counterclaim or set-off only for the purpose of reducing or defeating a recovery oh the promissory note.
But even if the court erred, the error was under the circumstances of this case immaterial, and should be disregarded. It was. necessary for the defendant in order to prove his third defense to prove that there was a special contract, and that the breaking was not done according to such special contract. This he was allowed to do under-his first and second defenses, and he tried to do it, but.wholly failed, as the verdict of the jury shows. The verdict of the jury was for the plaintiff *50 for the full amount of the note. The defendant probably proved the special contract; indeed that seems to be admitted; but he fails to show that the breaking was not done in accordance with such special contract. Upon this latter point the evidence was conflicting, and the jury found for the plaintiff. The judgment of the court below is affirmed.
All the Justices concurring.