## MARTIN C. BISSELL

*v.*

## DELOS B. CURRAN.

1. PROMISSORY NOTE—*assignee after maturity takes subject to all defenses.* The purchaser of a promissory note after maturity takes it subject to any defense that exists against it in the hands of the payee. If the payee, at the date of the assignment, is indebted to the maker in a sum greater than is due on the note, such indebtedness may be set off in an action on the note by the assignee.

2. INSTRUCTION—*repeating.* Where the law, so far as applicable to the facts of a case, is stated in an instruction given as liberally as the party could ask, the refusal of the court to give others not based on the evidence, asked by such party, is not erroneous.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was a suit, brought by Martin C. Bissell against Delos B. Curran, upon a promissory note, given by the defendant to one Bevans, and assigned by Bevans to the plaintiff, after maturity. The opinion states the material facts.

Messrs. BRECKINRIDGE & GARNSEY, for the appellant.

Messrs. OLIN & PHELPS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The note which is the subject of controversy in this action was purchased by appellant after maturity, and hence he took it subject to any defense that could be made to it had the suit been brought in the name of the original payee. The defense interposed is, that the payee was indebted to appellee at the date of the assignment in a sum greater than the amount due on the note. The fact of the indebtedness does not seem to be controverted, and the amount which appellee seeks to have set off exceeds any sum claimed to be due on the note in controversy.

Appellant, however, insists, that after the note came to his hands he had an interview with appellee, in which it was agreed, if he would forbear the collection for a stated period, appellee would pay the note. Appellee most positively denies making any such agreement.

On this question the evidence was flatly contradictory, and it was the province of the jury to reconcile it as well as they could. This they have done, and their finding being against appellant we are not at all dissatisfied with the verdict. Indeed, the weight of the evidence seems to be with appellee—certainly the equities of the case are all with him. The contract, as alleged, is itself absurd and unreasonable. What possible motive can be assigned for making the agreement to pay the note in consideration of extension of time, when no indebtedness whatever existed? It would simply be an undertaking to pay appellant a certain sum of money if he would forbear to institute a suit on a note that had been previously fully satisfied and discharged while in the hands of the payee. A party may buy his peace at any price he may see fit to pay, but a contract like the one insisted upon ought to be proved by a clear preponderance of evidence before a court would undertake to enforce it. There is no evidence in the record that overcomes the express denial of appellee that he ever made such a contract.

The instructions asked by appellant, which the court refused to give, were not based on the evidence, and were for that reason, if for no other, properly refused. The effect, if given, would have been to mislead the jury, and direct their attention to an immaterial issue. The law, so far as the principle sought to be announced in the instructions was at all applicable to the facts of the case, was stated in an instruction given for appellee, quite as liberally as appellant could ask to have it. In view of that instruction appellant was, in nowise, prejudiced by the refusal of the court to give those asked by himself.

It is so apparent from all the evidence that justice has been done, that we are unwilling to disturb the judgment of the circuit court, although some trivial errors might be detected in the record.

The judgment must be affirmed.

*Judgment affirmed.*