JOHN McKENNA v. PHILIP B. KIRKWOOD.

*Set-off against mortgage debt—Assignee's rights—Decree for cancellation on payment of amount due—Costs on failure to make a tender.*

The assignee of a past-due note and mortgage takes it subject to any perfected equitable rights existing in the mortgager to set off claims

against it, even though he has no actual notice of such claims. His position is precisely that of his assignor.

A mortgage debt which had fully matured was offset by a claim which the mortgager had against the mortgagee. The latter assigned his mortgage and went into bankruptcy, and the mortgager proved his claim and drew his dividends from the bankrupt's estate. *Held* that he was not thereby precluded from offsetting so much of his claim as was not met by the dividends, against the mortgage held by the assignee, and that he could maintain a bill against the assignee to compel him to apply the amount in cancellation of the mortgage.

Where a decree for the cancellation of a mortgage requires the mortgager to make a certain payment to the holder of the mortgage, it should fix the time within which payment must be made and farther provide that, in case of default, the mortgaged premises be sold as on foreclosure.

Costs of both courts were denied on affirmance of a decree for complainant where he had failed, before suit, to tender an amount to which defendant was equitably entitled.

Appeal from Marquette. (Grant, J.) Apr. 26.—June 6.

BILL to obtain discharge of mortgage, etc. Defendant appeals. Affirmed.

*Ball & Hanscom* for complainant. An assignee of a mortgage after the maturity of the note secured by it, takes it subject to all defenses, that the mortgager may set up as against the original mortgagee, although he has no notice of such defense, and there is nothing on the face of the papers to indicate it: Jones on Mortgages § 841 ; *Dutton v. Ives* 5 Mich. 515 ; the complainant is entitled to set off his claim against the mortgage note, so assigned after maturity : Comp. L. § 5796 subd. 9 ; the ordinary rule of set-off is the same in equity as at law : Comp. L. § 5062 ; *Hendricks v. Toole* 29 Mich. 341 ; no right of action complainant may have against any other person for the same indebtedness is affected by his proof of claim in the bankruptcy court : *Ansonia B. & C. Co. v. Babbitt* 15 N. Y. Sup. Ct. 157 ; *Dingee v. Becker* 9 B. R. 508 ; *Brandon Mnfg. Co. v. Frazer* 13 B. R. 362 ; Blumenstiel's Bankruptcy 487–8 ; against a corporation or other parties not entitled to a dis-

charge in any event, the right of action is not suspended at all : *New Lamp Chimney Company v. Ansonia B. & C. Co.* 13 B. R. 391 ; a creditor of a bankrupt estate holding securities for his demand on the property of third parties, or holding the guaranty of third parties for the payment of such demand, is not a secured creditor within the meaning of the Bankrupt Law: *In re Cram* 1 B. R. 504; *In re Lloyd* 15 B. R. 257 ; *In re Anderson* 12 B. R. 502 ; *In re Broich* 15 B. R. 11 ; a creditor who had proved his claim as secured and received dividends thereon was not precluded from enforcing his security by mechanic's lien on property originally belonging to the bankrupt but sold before his bankruptcy to a third person ; *Bassett v. Baird* 17 B. R. 177.

W. P. *Healy* for defendant.

GRAVES, C. J.   The complainant on the first of August, 1871, hired of James Mathews, then a banker of Negaunee, the sum of $700 for the period of one year, with interest, and to secure the payment of this loan executed and delivered his promissory note and also his mortgage on lot nineteen in a subdivision of the village of Negaunee.   The mortgage was duly recorded.

In the fall of 1873 and prior to October 16th the complainant left with Mathews $200 at one time and $100 at another ; the object of the latter being to assist Mathews during a run upon his bank.   October 16th the complainant made a deposit with him of $591 and received a certificate therefor payable to complainant's order with interest at seven per cent. on return of the certificate properly endorsed. But no interest was to be paid in case the certificate should be presented within three months.   October 21st, 1873, and more than a year after the maturity of the mortgage debt from complainant to Mathews, and some time subsequent to the origin of the debt from Mathews to complainant for $300 and five days subsequent to the certificate of deposit, the defendant received from Mathews an assignment of the note and mortgage.   He paid a full consideration and had no

actual notice of any set-off or counter claim. On the 22d or 23d of October Mathews stopped payment and on the last day of the same month he was proceeded against in bankruptcy, and on the 17th of the following November he was adjudged a bankrupt.    December 2d, 1873, complainant proved his entire claim as an unsecured creditor, and in June, 1875, received a dividend of $90.25 and in July, 1882, and subsequent to the commencement of this suit, he received a second and final dividend of $85.43.

About December 9th, 1874, complainant apprised the defendant of his claim and insisted on its application against the mortgage debt, but the defendant refused. This suit was instituted June 11, 1877, to compel such application and obtain a cancellation or discharge of the mortgage or other relief in the nature of a redemption. At that time, however, the bankruptcy proceedings were still pending, but at a later date they were fully closed and the entire assets distributed, and the complainant brought the new matter before the court by supplemental bill. The court decreed in his favor and the defendant appealed.

At the time of Mathews' transfer to defendant the note and mortgage were long past due. They were taken subject, therefore, to whatever equitable right, if any, which complainant then held to set off his claim. The position which the defendant gained as assignee was precisely the position which Mathews, his assignor, occupied at the time: *Dutton v. Ives* 5 Mich. 515; *Helmer v. Krolick* 36 Mich. 371; and there is no room for controversy in regard to the nature of that position. The claims held by complainant were ripe for assertion on his part. They were just as mature and perfect as grounds or matters of set-off as were the note and mortgage as cause of action. Neither time nor ceremony was necessary to render them actionable. The right was complete. Had Mathews brought an action upon the note nothing could have kept out the certificate of deposit and the demand for $300 as matters of set-off.

The right of set-off existed, therefore, at the time of the assignment, and defendant took subject to it. Was it

lost subsequently because of complainant's connection with the bankruptcy proceedings? There is no evidence that the chance to realize out of the estate of Mathews was lessened or impaired by any action or inaction of complainant, and there is no presumption that the defendant could have obtained any more than he did. Moreover we discover no effort or desire of the defendant to interpose and look after matters for himself.

Whether a duty which a court of equity would enforce rested on complainant to secure from the bankruptcy assets the utmost dividend as a means to diminish as much as possible the defendant's loss it is not necessary to inquire. The duty was assumed, and so far as the case discloses any thing on the subject it seems to have been well performed, and the Court is aware of no principle on which to consider this service as operating to preclude a set-off of the amount unobtained by it. The provisions of the bankrupt law do not affect the question. In short we find nothing subsequent to the assignment to impair the right which the complainant held at that time, except in so far as he succeeded in realizing from the assets in bankruptcy.

The decree finds that complainant's claim was in excess of the mortgage debt $35.46 ; but that the dividends in bankruptcy so far exceeded that balance that complainant held at the date of the decree an overplus of $165.64, and it ordered him to pay it in thirty days to defendant's solicitor or to the register of the court, less, however, the complainant's costs. It also appears from the case that at the filing of the bill the complainant held a small balance produced by the first dividend in the bankruptcy proceedings. The decree should be varied so as to require the payment of the $165.64 within some proper time and in case of default to provide for a sale as on foreclosure. *Fosdick v. Van Husan* 21 Mich. 567.

Except as here mentioned the decision below is affirmed. The case must be remanded with directions to modify the decree as suggested and for such further proceedings as may be necessary. As the complainant failed to tender before

suit the amount to which defendant was equitably entitled, it would have been proper to award costs against him in the circuit court. Under all the circumstances the affirmance will be without costs of either court.

CAMPBELL and COOLEY, JJ. concurred.