## McKAY v. H. A. HALL & CO.

No. 1440. Opinion Filed January 16, 1912.

(120 Pac. 1108.)

1. **BILLS AND NOTES—Action on Note.** A defendant may set off a debt arising upon a contract due him from the payee of a negotiable note against the note in the hands of a person to whom the payee transfers it after maturity.

2. **SET-OFF AND COUNTERCLAIM—Joint Note—Individual Indebtedness.** One joint maker of a note can set off against it an indebtedness from the payee due him individually.

(Syllabus by Rosser, C.)

*Error from Stephens County Court; W. H. Admire, Judge.*

Action by H. A. Hall & Co. against G. W. McKay. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*A. L. Herr,* for plaintiff in error.

*J. B. Wilkinson,* for defendant in error.

Opinion by ROSSER, C: This is a suit originally brought before Elzey W. Moore, justice of the peace for the town of Comanche, Okla. The case was appealed to the county court of

Stephens county. The county court sustained a demurrer to the amended answer of the defendant. The defendant declined to plead further, and there was a judgment for the plaintiff for the amount of the note, and the defendant appeals. The note was given by. C. M. Rutcliff and the defendant, G. W. McKay, to J. T. Morris. J. T. Morris indorsed the note to plaintiff without recourse after maturity. In his amended answer the defendant pleaded that Morris at the time of, and prior to, the transfer of the note was indebted to him for twenty bushels of cotton seed to the amount of $7, and for services rendered on oral contract in the case of the State of Oklahoma v. J. T. Morris in the sum of $200, and claimed those amounts as set-off against the note. The defendant further alleged that the plaintiff had full knowledge of the indebtedness existing against Morris in favor of the defendant prior to the transfer of the note.

The question in this case is whether or not the items as set forth in the answer could be pleaded as a set-off against the note in the hands of a holder to whom it had been indorsed after maturity. In arriving at a decision of this question, it will be necessary to consider the provisions of the statutes of Oklahoma bearing upon the question.

Section 5638, Comp. Laws 1909, is as follows:

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court."

Section 5640, Comp. Laws 1909, is as follows:

"When cross-demands have existed between .persons under such circumstances that, if one party brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other; but the two demands must be deemed compensated so far as they equal each other."

Section 5559, Comp. Laws 1909, provides:

"In the case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or other defense now allowed; but this section shall not apply to negotiable bonds, promissory notes, or bills of exchange trans-

ferred in good faith upon good consideration before due."

An examination of these statutes leads to the conclusion that the demurrer should have been overruled. The action was on contract, and the set-off pleaded was one arising upon contract, and, therefore, if the suit had been brought by Morris the set-off pleaded would have come squarely within the terms of section 5638, *supra*. Section 5640, *supra*, preserved the benefit of the act, notwithstanding the assignment; or, if that section be construed to apply only in cases where there has been a general assignment, as possibly it should be, still section 5559, *supra*, preserved the right of set-off against the assignee. And the exception of negotiable bonds, etc., "transferred in good faith and upon good consideration before due" from its terms indicates clearly that the right of set-off applied as against such instruments transferred after due.

In the case of *Wilbur v. Jeep*, 37 Neb. 604, 56 N. W. 198, the first paragraph of the syllabus is as follows: .

"Any set-off to a promissory note, which would have been good between original parties, may be pleaded against an indorsee who acquired it after maturity, as he takes it subject to any set-offs which the maker had against any prior holder."

This decision was based on provisions of the Nebraska statutes identical with sections 5638 and 5640, Comp. Laws 1909, *supra*. The cases bearing upon this subject are collected in a note to *Vann v. Marberry*, 100 Ala. 438, 14 South. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70. The annotator states that there is a diversity of opinion as to whether set-off is permissible, and cites quite a number of cases holding that a collateral matter cannot be used as set-off, but says that there is another line of cases which go to the full extent of holding that a set-off should be allowed for any claim held against the assignor at the time of the assignment, and cites the following cases, all of which are in point: *McKenna v. Kirkwood*, 50 Mich. 544, 15 N. W. 898; *Armstrong v. Chadwick*, 127 Mass. 156; *Bond v. Fitzpatrick*, 4 Gray (Mass.) 89; *Harris v. Burwell*, 65 N. C. 584; *Hurdle v. Hanner*, 50 N. C. 360; *Harrington v. Wilcox*, 53 N. C. 349; *Haywood v. McNair*, 19 N. C. 283; *O'Callaghan v. Sawyer*, 5

Johns. (N. Y.) 118; *Ford v. Stuart*, 19 Johns. (N. Y.) 342; *Bank of Niagara v. McCracken*, 18 Johns. (N. Y.) 493; *Robinson v. Perry*, 73 Me. 168; *Norton v. Foster*, 12 Kan. 44.

See, also, *Johnston v. Humphrey*, 91 Wis. 76, 64 N. W. 317, 51 Am. St. Rep. 873; *Sargent v. Southgate*, 5 Pick. (Mass.) 312, 16 Am. Dec. 409; *Phipps v. Sheegogg*, 30 Miss. 241; *Bissell v. Curran*, 69 Ill. 20.

Section 2546 of the Iowa Code of 1873 provided that:

"In case of the assignment of a thing in action, the action by the assignee shall be without prejudice to any counterclaim, defense or cause of action, whether matured or not, if matured when pleaded existing in favor of the defendant and against the assignor before notice of the assignment, but this section shall not apply to negotiable instruments transferred in good faith and upon valuable consideration before due."

The resemblance between this section and section 5559 of Comp. Laws 1909, is very close. In the case of *Downing v. Gibson*, 53 Iowa, 517, 5 N. W. 699, it was held that under that section in an action by the assignee of negotiable paper, transferred after due, the defendant could set off a note executed by plaintiff's assignor and assigned to defendant before notice of the assignment to plaintiff. The court said:

"We think no importance should be attached to the use of the word 'assignment,' instead of 'indorsement,' in the statute under consideration."

No reason is perceived why the rule should be otherwise. The maker of a note, who has a claim against the payee arising out of a contract, should certainly be allowed to set it off in a suit against him by the payee. As soon as the payee became indebted by contract, the note would be reduced just that much as between the parties, whether credited with the amount or not, and the assignee, after maturity, cannot get more than the payee had. He stands in the shoes of the assignor. The fact that the note is not paid puts him upon inquiry. As was said by Chief Justice Shaw in *Fisher v. Leland*, 4 Cush. (Mass.) 456, 50 Am. Dec. 805:

"Where a negotiable note is found in circulation after it is due, it carries suspicion upon the face of it. The question in-

stantly arises, Why is it in circulation? Why is it not paid? Here is something wrong. Therefore, although it does not give the indorsee notice of any specific matter of defense, such as set-off, payment, or fraudulent acquisition, yet it puts him in inquiry. He takes only such title as the indorser himself has, and subject to any defense which might be made if the suit were brought by the indorser."

Plaintiff relies upon the case of *Johnson v. Acme Harvesting Company*, 24 Okla. 468, 103 Pac. 638, to uphold the action of the lower court in sustaining the demurrer. In that case the defendant was sued on a note given a machine company for a mower. As a defense against an assignee after maturity, he pleaded that he had bought a binder from the same company, for which he had executed notes, and that the binder failed to do good work. He made no complaint as to the mower for which the note was given. The court held that the counterclaim for defects in the binder could not be pleaded in a suit upon the note given for the mower. The holding in that case does not conflict with the conclusions arrived at here. The defense there was a counterclaim. A counterclaim must arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or be connected with the subject of the action. . The claim pleaded as a defense here is a set-off. The defendant is entitled to use the set-off as a defense to the note, but, of course, if it exceeds the note, he cannot recover any excess against the plaintiff. The plaintiff owes him nothing. All that he can do with the set-off is to show that he owes plaintiff nothing. The plaintiff by purchasing the note after maturity did not incur any liability to pay the defendant anything. *Norton v. Foster*, 12 Kan. 44. The authorities cited by plaintiff to sustain the proposition that there must be allegation and proof of insolvency of the assignor before the set-off could be allowed against the assignee are cases of equitable set-off, and have no application to this case.

Another contention of plaintiff is that the defendant cannot set off the claim pleaded in the answer because the defendant is a joint maker of the note with C. M. Rutcliff, and that the debts attempted to be set off are due McKay individually, and that, therefore, there is a want of mutuality. Following the weight

of authority the Supreme Court of the Territory of Oklahoma, in the cases of *Murphy v. Colton,* 4 Okla. 181, 44 Pac. 208, and *Richardson v. Penny,* 10 Okla. 32, 61 Pac. 584, decided this question favorably to the contention of plaintiff, but since the act of 1905 (section 3, art. 7, c. 28, Comp. Laws 1909, sec. 5635), which provides,

"Either party can plead and prove a set-off or counterclaim of a proper nature in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him"

—it was held in the case of *Loeb v. Loeb,* 24 Okla. 384, 103 Pac. 570, that the set-off or counterclaim could be pleaded and proven, whether it existed between all the parties plaintiff and defendant or not. This holding seems to follow as a matter of course from the terms of the statute quoted. And a large number of courts in other states have decided that one of the makers of a joint obligation may set off a debt due from the obligee to him individually. 25 Am. & Eng. Ency. 525, and cases cited under note 2. It is believed that the better reasoning favors this rule, even in the absence of statute directly permitting it. In the case of *Leach v. Lambeth,* 14 Ark. 668, Mr. Justice Walker, in deciding that one defendant could plead as a set-off a debt due him individually against cause of action against several, said:

"A payment by one defendant is, in effect, a payment by all. The defendant may plead separately, and any defense to the merits of the action inures to the benefit of all; and, if the plaintiff is indebted to one of several defendants, and such defendant should choose to pay and discharge the debt of himself and his codefendant out of it, it is, in effect, the payment and satisfaction of both, and no good reason seems to exist why he should not be permitted to do so. Such defense in no wise affects the rights of the codefendant or of the plaintiff, nor of the defendant, because so far from increasing his liability it lessens it by discharging a debt for the whole of which he was bound to the plaintiff, nor does it prejudice the right of the plaintiff, because if in truth he owes the defendants or either of them he should not, in good conscience, be permitted to coerce payment from them, or one of them (which is in effect from both), without at

the same time paying that which he owes them, and to compel this, and prevent litigation and unnecessary costs and delay, the statute of set-off was passed."

This case should be reversed and remanded, with instructions to overrule the demurrer, and for further proceeding not inconsistent with this opinion.

By the Court: It is so ordered.

All the Justices concur.