## CURLEE *et al.* v. RULAND.

No. 6728.   Opinion Filed March 7, 1916.

'(155 Pac. 1182.)

1. **APPEAL AND ERROR—Objection in Lower Court—Jurisdiction—Intermediate Court.** In a case where the district court has original jurisdiction of the subject-matter and the case comes into that court improperly by appeal from a justice of the peace, and both parties appear and go to trial without objection, the question of the jurisdiction of the district court is waived, and such objection will not be heard when made for the first time after the court has announced its disposition to decide against the party making the objection.

2. **BILLS AND NOTES—Note Transferred after Maturity—Set-Off.** The defendant may set off a debt arising upon a contract due him from the payee of a negotiable note against the note in the hands of the person to whom the payee transferred it after maturity, and the fact that such claim may be for an unliquidated demand is no valid objection to its being pleaded as a set-off.

3. **SET-OFF AND COUNTERCLAIM—Joint Maker of Note—Individual Claim.** One joint maker of a note may set off against it an indebtedness due him individually from the payee.

(Syllabus by Galbraith, C.)

*Error from District Court, Oklahoma County;*

*T. L. Brown, Assigned Judge.*

Action by Harry F. Ruland against Clyde Z. Curlee and another.   Judgment for plaintiff, and defendants bring error.   Reversed.

See, also, 47 Okla. 519, 149 Pac. 1149.

*Morgan & Deupree,* for plaintiffs in error.

*Harris, Nowlin & Singleton,* for defendant in error.

Opinion by GALBRAITH, C.   The defendant in error commenced this action before a justice of the peace on a negotiable promissory note, transferred and indorsed to

him after maturity. The makers of the note were the plaintiffs in error, and the payee was Julia H. Burns. In answer to the bill of particulars the defendants admitted the execution of the note, but pleaded by way of set-off certain indebtedness due Clyde Z. Curlee from Julia H. Burns, the payee of the note, for services rendered in the purchase of certain real estate, and it was further alleged that it was agreed prior to the indorsement and delivery of the note to the defendant in error that the amount of these claims should be credited upon the note. From the judgment in the justice court an appeal was taken to the district court. Although there was no entry on the docket of the justice of the peace directing that the appeal should go to the district court, and the appeal bond did not recite that the appeal had been taken to that court, the transcript and papers were lodged with the district court and the appeal was entered therein, and a trial of the case there had *de novo*. The parties appeared and a jury was impaneled to try the cause, and the plaintiff introduced his evidence, the note and the indorsement, and rested. When the defendants offered their evidence, objection was made thereto on the ground that the facts set out in the answer as a set-off did not constitute a defense to the cause of action sued upon. The court having indicated its disposition to sustain the objection, the defendants moved to dismiss the appeal for the reason that the district court had no jurisdiction to entertain the appeal; that the same should have gone to the county court. The court denied this motion on the ground that it was made too late; that the defendants, having appeared and consented to the trial in the district court, and participated therein, had waived this question. Thereupon the objection to the introduction of evidence by the defendants was sustained, and the jury

directed to return a verdict for the plaintiff. A verdict was accordingly returned, and judgment entered thereon, and an appeal has been prosecuted to this court.

There are numerous assignments of error set up in the petition in error, but these are argued under two heads in the brief. First, it is contended that the court erred in denying the motion to dismiss the appeal, inasmuch as the district court had no jurisdiction of the appeal, and since the Constitution and laws of the State of Oklahoma conferred jurisdiction of appeals from justices of the peace upon the county court, and the parties by consent could not confer jurisdiction upon the district court to entertain the appeal in this case. This question, however, seems to have been decided by this court adversely to the contention of the plaintiffs in error. In the case of *State National Bank of Oklahoma City v. Wood,* 43 Okla. 251, 142 Pac. 1002, wherein an appeal from the justice of the peace was taken to the superior court, and the parties appeared and tried the cause without objection, and raised the question of jurisdiction of the superior court to hear the appeal first in the Supreme Court, and that court overruled the exceptions, and, in part, said:

"The superior court having jurisdiction over the subject-matter, and both parties appearing and going into trial without objection, we think neither should be heard to urge the objection in this court. In *School District No. 94 v. Gauntier,* 13 Okla. 194, 73 Pac. 954, Chief Justice Burford held that: 'In a case where the district court has original jurisdiction of the subject-matter, and the case comes into said court improperly by appeal, and both parties appear, file pleadings, and go to trial without objections, the question of jurisdiction as to the manner of getting into court is waived, and such objection will not be heard for the first time in the Supreme Court.' "

It is true that the objection in the instant case was raised in the trial court, but it was not raised until after the parties had appeared and engaged in the trial, and the court had announced its purpose to decide against the defendants. We are inclined to think that the trial court was right in holding that the point had been waived and that the objection could not be made at that time, the district court having original jurisdiction of the subject-matter and the parties having voluntarily appeared therein.

2. It is contended that the court erred in sustaining an objection to the introduction of testimony in proof of the set-off set out in the answer. In support of this proposition it is said in the brief:

"In an action brought by an indorsee and assignee of a promissory note after maturity, an indebtedness of the payee thereof to the principal maker thereof, arising by reason of services rendered to said payee by said principal maker before the indorsement and assignment of the note, and which indebtedness it was agreed by the payee and principal maker should be credited on the note as payment, is a good defense by the principal maker and surety thereof."

The trial court in its ruling in sustaning the objection to the introduction of testimony, and in directing the jury to return a verdict for the plaintiff, based its ruling upon the case of *Johnson v. Acme Harvesting Machine Co.*, 24 Okla. 468, 103 Pac. 638. However, the learned trial judge seems to have overlooked the distinction made by the statute between a counterclaim and a set-off. In the Johnson Case, *supra*, the claim set up as a defense was clearly a counterclaim under section 4746, Rev. Laws 1910, and was properly denied, inasmuch as it did not exist in favor of the defendant and against the plaintiff in the action *(Van*

*Arsdale et al. v. Edwards,* 24 Okla. 41, 101 Pac. 1123),
and the claim set out did not constitute a defense to the
plaintiff's demand under section 4747, Rev. Laws 1910, for
the reason that it did not arise upon a contract, much less
the contract sued upon, but was based upon a tort, to wit,
a breach of a contract of warranty made by a different
company than the plaintiff in that action. The set-off set
up in the defendants' answer in the instant case arose
upon contracts and came within the statutory definition of
a set-off, and was a proper matter of defense to the note
sued upon, and the defendants could not be deprived of
their defense to the plaintiff's cause of action by its assign-
ment. Section 4751, Rev. Laws 1910, reads as follows:

"When cross demands have existed between persons
under such circumstances that, if one had brought an
action against the other a counterclaim or set-off could
have been set up, neither can be deprived of the benefit
thereof by the assignment or death of the other; but the
two demands must be deemed compensated so far as they
equal each other."

In *McKay v. Hall & Co.,* 30 Okla. 773, 120 Pac. 1108,
39 L. R. A. (N. S.) 658, the Johnson Case, *supra,* is
clearly distinguished, and in doing so the court said, in
part, as follows:

"The holding in that case does not conflict with the
conclusions arrived at here. The defense there was a coun-
terclaim. A counterclaim must arise out of the contract
or transaction set forth in the petition as the foundation
of the plaintiff's claim, or be connected with the subject
of the action. The claim pleaded as a defense here is a
set-off. The defendant is entitled to use the set-off as a
defense to the note, but, of course, if it exceeds the note,
he cannot recover any excess against the plaintiff. The
plaintiff owes him nothing. All that he can do with the

set-off is to show that he owes plaintiff nothing. The plaintiff by purchasing the note after maturity did not incur any liability to pay the defendant anything. *Norton v. Foster*, 12 Kan. 44."

The claims set up in the answer in the instant case grew out of contracts for service and were identical in this respect to the claims set up in the McKay Case. The fact that the claims were not liquidated cannot affect their character as a proper set-off against the cause of action sued upon and deny the right to plead them as such in this case, for the reason that they arose upon contract and the statute only requires such demands growing out of a tort to be adjudicated. Section 4747, Rev. Laws 1910. The exception is well taken and must be sustained.

We therefore recommend that the judgment appealed from be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.