## PARKS, CAMPBELL, FINDLEY MOTOR CO. v. WOLVERTON.

No. 14640—Opinion Filed Nov. 18, 1924.

(Syllabus.)

**Bills and Notes—Purchase of Check After Dishonor—Defense.**

A check, after dishonor, in the hands of a purchaser is subject to any defense that might have been made against the payee

Error from District Court, Grady County; Cham Jones, Judge.

Action by the Parks, Campbell, Findley Motor Company against John P. Wolverton. From the judgment, plaintiff brings error. Affirmed.

Barefoot & Carmichael, for plaintiff in error.

Bailey & Hammerly, for defendant in error.

WARREN, J. This is an appeal from a judgment of the district court of Grady county, Okla., by the plaintiff in error, Parks, Campbell, Findley Motor Company, which recovered a judgment based upon two certain verdicts, one against the defendant in error, John P. Wolverton, in the sum of $501.35, and one which the said Wolverton

in the same action recovered against the company on a counterclaim in the sum of $480.

It appears that the said Wolverton had purchased an automobile which was unsatisfactory, from the Hargrove Parks Motor Company. Later a settlement was had of the controversy whereby Wolverton took another car and gave his check for the agreed difference of $500. Payment was refused on this check and it was duly protested for nonpayment and the protest fees on the accompanying protest in the sum of $1.35 were added to the claim.

The Hargrove Parks Motor Company sold out to, or was reorganized into the Parks, Campbell, Findley Motor Company, which latter company acquired this claim with the other assets of the company.

Suit was brought for the amount of this check and the protest fees by the second company against Wolverton. He filed a cross-petition in the nature of a counterclaim in which he alleged that the second car purchased was not as represented in that it was guaranteed to be in first-class mechanical condition, while in fact it was not in ordinary good mechanical condition, specifying certain defects alleged to exist in the car. He prayed judgment on his counterclaim in the sum of $600.

Plaintiff, by way of reply, set up the settlement as to the first car, alleged the examination and acceptance of the second car, and pleaded an estoppel on the part of the defendant to deny liability on the check.

The cause was submitted to the jury under proper instructions, not complained of, and the above set out verdicts were returned, upon which the court rendered judgment in favor of the plaintiff in error against the defendant in error in the sum of $21.35.

The plaintiff in error argues two propositions in his brief, the first being that the court erred in permitting the defendant to plead a counterclaim as against the check in the hands of the plaintiff purchaser. And, second, that Wolverton was estopped by his conduct to deny liability on the check.

The plaintiff in error cites certain authorities to the effect that where a bill of lading is accepted, the consignee becomes liable on the acceptance, and also that the holder of a nonnegotiable promissory note is not liable

because of an independent and separate contract between the original holder and the maker. These are not at all in point, and there is a misconception of the nature of this transaction.

In the first instances cited there was no dishonor of the bill as in the present case, and in the second, this is not an independent and separate transaction, but grows out of the same transaction.

This case is a very simple one. Wolverton purchased the first car, which was unsatisfactory. He purchased a second car, for which he paid the first car and $500. All matters of contention about the first car were settled in the purchase of the second.

The $500 check came into the hands of the plaintiff in error after it was dishonored. The defects in the second car would be a defense to an action on the part of the payee to collect the amount of the check. This check is merely an inland bill of exchange and is subject to the law of negotiable instruments. Section 7855, Comp. Stat. 1921. The plaintiff in error is not a holder in due course, as defined by section 7722, Comp. Stat. 1921.

This is a negotiable instrument, but the holder took it with notice of its dishonor, and it is subject to the same defenses as if held by the original payee. Section 7728, Comp. Stat. 1921.

In the hands of the original payee, the maker could set up the defense he did set up in the counterclaim. McKay v. Hall, 30 Okla. 773, 120 Pac. 1108; Curlee v. Ruland, 56 Okla. 329, 155 Pac. 1182; Cooper v. Gibson, 69 Okla. 105, 170 Pac. 220.

The case at bar is really a stronger case than any of those cited, because in each case the plea, strictly speaking, was merely a set-off, while this was a counterclaim arising out of the same transaction.

This disposes of the only real contention in the case. The argument of the plaintiff in error on the ground of estoppel is answered by the fact that the court directed a judgment for the face of the check and protest fees. To that extent, the plaintiff in error prevailed.

Finding no error in the record, the judgment of the trial court will be affirmed.

McNEILL, C. J., and NICHOLSON, MASON, JOHNSON, and GORDON, JJ., concur.