HANKINS v. FARMERS' & MERCHANTS' BANK.

No. 3207.   Opinion Filed April 17, 1914.

Rehearing Denied June 16, 1914.

(141 Pac. 272.)

1.   **CHATTEL MORTGAGES**—Fraud—Pleading Defenses—Fraud in Procurement. In an action on a promissory note and to foreclose a mortgage given to secure the payment thereof, an answer, which alleges that such note and mortgage were procured through fraud and misrepresentations, and shows clearly of what the acts of fraud consisted, and that such fraud was the sole inducement to the execution of the instruments, and that defendant received no consideration, and that plaintiff (a purchaser before maturity) had full knowledge of and participated in the alleged fraud, is sufficient to constitute a defense against such note and mortgage in the hands of such purchaser.

2. **FRAUD—Evidence—Admissibility.** "In determining the existence of fraud any evidence, direct or circumstantial, which is competent by other rules of law, and which in the opinion of the court has a legitimate tendency to prove or disprove the allegations in the issue, is admissible. Great latitude is allowed in the introduction of evidence, the extent of the investigation being largely in the discretion of the trial court, and objections to circumstantial evidence on the ground of irrelevancy are not favored. Circumstantial evidence to show fraud may well be admissible when taken as a whole, although some of the circumstances, considered separately, would be incompetent. The whole transaction involving the alleged fraud may be given in evidence." 20 Cyc. 110.

(Syllabus by Harrison, C.)

*Error from County Court, Ellis County;*
*A. L. Squires, Judge.*

Action by the Farmers' & Merchants' Bank against Amanda J. Hankins. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*C. B. Leedy,* for plaintiff in error.

*Burford & Burford,* for defendant in error.

Opinion by HARRISON, C. This was an action in replevin by the Farmers' & Merchants' Bank against Amanda J. Hankins for possession of certain horses, mules, and a certain cow claimed under a chattel mortgage, and for judgment on a note for $363.45. The note in question was executed and delivered to one W. H. Springfield, an attorney, and a chattel mortgage on the property in question given to Springfield to secure the payment of the note, and on the same day or the day following it was assigned (the petition alleged that it was assigned by Springfield on the day following), but Mr. Hambre, the cashier of the bank, testified that the entire transaction, the execution and delivery of the note and chattel mortgage to Springfield, was completed with the understanding that Springfield indorse same, and the bank would advance Mrs. Hankins $350, and it was all done on the same day and at the same time and as part of the same transaction. The cause was tried by the aid of a jury, resulting in a verdict and judgment in favor of the bank, and from such judgment defendant, Mrs. Hankins, prosecutes this appeal.

Two material propositions are presented by the record: First, the sufficiency of the petition; second, the sufficiency of the answer to constitute a defense because of fraud and failure of consideration. The contention that the petition fails to state facts sufficient to constitute a cause of action cannot be sustained, and we think the demurrer to the petition was properly overruled. But the action of the court in striking the portion of defendant's answer which set up the defense of fraud and failure of consideration, and that the plaintiff bank had full knowledge of such fraud and lack of consideration at the time, and the action of the court in rejecting certain testimony offered by defendant by which she sought to prove the fraud and duress which induced the execution of the note and mortgage, and testimony that the plaintiff bank had full knowledge of all of same, was error.

The answer of defendant not only states facts sufficient to constitute a complete defense against said note and mortgage in the hands of the bank, or in the hands of W. H. Springfield, the attorney, but states facts sufficient which, if true, disclose a most diabolical plot on the part of the parties to defraud this defendant, Mrs. Hankins, of her property. The record discloses that the defendant, Mrs. Hankins, was past 73 years of age. The answer alleged that she had a son by the name of E. H. Thompson; that said W. H. Springfield had acted as attorney for E. H. Thompson in some matters not disclosed by the record; that said E. H. Thompson had the legal title to a tract of land which had previously been the homestead of defendant; and that W. H. Springfield, the attorney, and one John R. Thompson conspired together for the purpose of defrauding the said E. H. Thompson, out of his lands by threatening to prosecute him for a statutory crime with said John R. Thompson's wife, and to defraud this defendant out of her property by threatening to prosecute her son for such crime, and by falsely and fraudulently leading her to believe that she was getting a deed to her old homestead in the transaction, whereas in truth and in fact she was only getting a quitclaim deed to two-fifths, and that from a man who held no title to the land; and alleges very fully and clearly how the whole transaction was brought about and how the plan to

get possession of the property was ultimately accomplished. It also alleges very clearly that the fear created in her mind that her son would be prosecuted wrongfully, and the false and fraudulent representations made to her in reference to such prosecution and the crime for which he would be prosecuted, together with the deception practiced upon her by which she was led to believe she was getting a deed to her old homestead, were the sole inducements to her for executing the instruments in question. And it further alleged and offered to prove that the bank had full knowledge of all this fraud, and that she received no consideration for the note and mortgage. If these facts were true, the bank was not an innocent purchaser. Whether they were true or not we do not assume to say, but defendant offered to prove the truth of same, which proof was rejected by the court. In this we think the court committed reversible error. The facts alleged in the answer were sufficient to constitute a fraud. If they were true, and as a matter of fact were the sole inducement to defendant to execute the instruments in question, then they were sufficient to constitute a defense to the action.

"If the fraud of itself be sufficient to induce, and did induce, the making and execution of the instrument, it is sufficient upon discovery to warrant its cancellation." (*Rumbaugh v. Rumbaugh,* 39 Okla. 445, 135 Pac. 937.)

"The clearest cases of actual fraud, and those with which the courts generally have to deal, are cases in which a person has made a positive misrepresentation or misstatement as to the existence or nonexistence of a particular fact. In such a case, he is clearly guilty of fraud, both at law and in equity, if the representation was as to a material fact and was false; if it was of such a character that the other party had a right to rely upon it; if it was accompanied by knowledge that it was false, or what the law regards as equivalent to actual knowledge, and by an intent to deceive; if it was relied upon by the other party, and did in fact deceive. * * *" (14 Am. & Eng. [2d Ed.] 23.)

"The gist of a fraudulent misrepresentation is the producing of a false impression upon the mind of the other party, and if this result is actually accomplished, the means of accomplishing it are immaterial.

"The simplest and perhaps the most frequent case of fraud is that of telling a deliberate and intentional falsehood as to a material fact. Where a person makes such a misrepresentation, intending that another shall act upon it, and the latter does act upon it to his injury, it is perfectly clear that an action of deceit will lie." (20 Cyc. 14.)

The foregoing texts are amply supported by the authorities cited in the notes thereto.

And the defendant having alleged facts which brought her clearly within the rule above, it was error to exclude testimony which tended to prove such facts.

"While evidence that defendant made to plaintiff other false statements than those charged in the declaration is not of course admissible if such representations are relied upon as a part of the cause of action, it may frequently be admissible because relevant to the issue of fraud. Representations differing from, but tending to prove, the representations set out, or to show that the representations set out may have influenced plaintiff, are admissible. Evidence of other representations contemporaneous with those set out in the declaration may be admissible to show the meaning or the falsity of those alleged, or to show *scienter;* or they may be admissible as evidentiary details of the main misrepresentation charged. * * *" (20 Cyc. 104.)

"In determining the existence of fraud, any evidence, direct or circumstantial, which is competent by other rules of law, and which in the opinion of the court has a legitimate tendency to prove or disprove the allegations in the issue, is admissible. Great latitude is allowed in the introduction of evidence, the extent of the investigation being largely in the discretion of the trial court, and objections to circumstantial evidence on the ground of irrelevancy are not favored. Circumstantial evidence to show fraud may well be admissible when taken as a whole, although some of the circumstances, considered separately, would be incompetent. The whole transaction involving the alleged fraud may be given in evidence." (*Id.* 110.)

These texts of the law are supported by abundance of decisions and other text-books. See authorities cited thereunder.

Hence it is clear that the trial court erred in sustaining a motion to strike defendant's second defense from her answer, and in refusing to allow her to prove the facts therein alleged, also the fact that plaintiff had full knowledge of the acts of

fraud alleged. It was error to reject testimony which tended to prove such knowledge, and the judgment should be reversed and the cause remanded for another trial.

By the Court: It is so ordered.