### THOMPSON v. VAUGHT et al.

No. 5593—Opinion Filed Oct. 3, 1916.

Rehearing Denied Oct. 31, 1916.

(160 Pac. 625.)

1. **Contracts—Fraud—Admissibility of Evidence.**

Where a written instrument is attacked for fraud, all the circumstances and transactions

leading up to and surrounding the execution of the same, as well as the motives and intentions that prompted the maker to execute it, may be shown.

## 2. Appeal and Error—Review—Questions of Fact—Verdict.

Where the verdict is approved by the trial court, and even though the evidence is conflicting and contradictory, but there is competent and positive evidence to sustain it, the judgment of the trial court will not be disturbed on appeal.

## 3. Appeal and Error—Review—Prejudicial Effect of Error—Burden of Proof.

It must clearly appear that the instructions complained of probably caused a miscarriage of justice before a reversal will be ordered.

(Syllabus by Brunson, C.)

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Action by W. J. Thompson against Ed. S. Vaught and another. Judgment for defendants, and plaintiff bring error. Affirmed.

Warren K. Snyder and S. A. Horton, for plaintiff in error.

Ledbetter, Stuart & Bell, for defendants in error.

Opinion by BRUNSON, C. The parties to this suit will be designated here as they were in the trial court. This suit was instituted on the 28th day of March, A. D. 1912. It is alleged in substance:

That the defendants are indebted to the plaintiff for the purchase price of certain real estate mentioned and described in the petition. That on the 28th day of December, A. D. 1910, the defendants entered into a verbal agreement with the plaintiff whereby he was to sell to them certain real estate amounting to 160 acres of land located in Oklahoma county, and that, at the instance and request of said defendants, he made, executed, and delivered a deed to said real estate conveying it to the said J. L. Francis. That the said J. L. Francis directed him to deliver the deed to the defendant Ed. S. Vaught, stating that said Ed. S. Vaught had authority to represent, act for, and bind him in said transaction, and that thereupon he took said deed, together with an abstract, to the real estate, to the office of the said Ed. S. Vaught, and delivered the same to him. That he accepted the same, and at the same time, acting for himself and the said J. L. Francis, he made, executed, and delivered to the plaintiff the following written memorandum:

"Received of W. J. Thompson a warranty deed executed by him and his wife, Martha Thompson, on the 29th day of September, 1910, covering lots three (3) and four (4) and south half (S½) of the northwest quarter (NW¼) of section one (1), township twelve (12) north and range three (3) west I. M., containing 160 acres more or less, according to the government survey thereof.

"It is understood that the said Ed S. Vaught and J. L. Francis, upon the signing of said capitol bill passed by the extra session of the last Legislature just adjourned, and now in the hands of Gov. C. N. Haskell, will pay to the said W. J. Thompson the sum of $5,000.00 in cash, and the balance of $17,000.00 will be paid in three equal payments, one, two, and three years from date; notes to be executed for deferred payments at 8 per cent. to be secured to the satisfaction of the said W. J. Thompson; said Thompson to provide a clear title to the said land.

"Ed S. Vaught.

"Dated Dec. 28, 1910."

That at the same time said Ed. S. Vaught stated to him that he desired that the land be conveyed by him to the State Capitol Building Company. That a special form of deed making the State Capitol Building Company the grantee was handed to him by the said Ed. S. Vaught to be executed in lieu of the deed he had just delivered. That the plaintiff and his wife executed the same and delivered it to the said Ed. S. Vaught. That the capitol bill named in the memorandum was signed by Gov. C. N. Haskell on the 29th day of December, 1910, and the plaintiff thereafter demanded payment from the defendants and each of them and full compliance with their contract as set out in said memorandum, but that they failed, neglected and refused to pay the $5,000 mentioned therein, or to pay any part of it, or to otherwise comply with said contract.

It is further alleged that the plaintiff has done and performed all the conditions required of him under said contract, and it is also alleged that the State Capitol Building Company has or claims some right, title, or interest in and to said real estate, and it is asked in the petition that said company be required to set out what interest it has in said lands. Judgment is demanded against the defendants in the sum of $22,000.

After demurrers filed by the defendants and the State Capitol Building Company were overruled by the court each of them filed separate answers. The answer of J. L. Francis denies generally every allegation set forth in the petition, and then denies specifically that he ever entered into a verbal agreement with the plaintiff to buy said real estate from him; denies that the plaintiff ever delivered to him a deed executed by himself and his wife conveying the real estate

to him, or that he ever directed the plaintiff to deliver said deed and abstract to the defendant Ed. S. Vaught; denies that he ever stated to the plaintiff that the said Ed. S. Vaught had authority to act for, represent, or bind him in said transaction.

The defendant Ed. S. Vaught in his answer denies generally all of the allegations contained in said plaintiff's petition, except those admitted, and then denies specifically that he had any authority, either written or oral, from the said J. L. Francis, to act for, represent, or bind him in said transaction. He does admit that he executed the written memorandum in question, but alleges that he was induced to do so by the false and fraudulent representations of the plaintiff; that the plaintiff represented and stated to him that he had just seen the said J. L. Francis, and had an understanding and agreement with him that, in the event said capitol bill was signed by Gov. C. N. Haskell, the defendants would take the real estate and pay for it in the manner set out in said memorandum; that he executed the said memorandum believing such statements and representations to be true, but that in truth and in fact said statements and representations were false and fraudulent, and that the said J. L. Francis had not entered into such agreement with the plaintiff, and that, had he not believed the same to be true, he would not have signed it; that, because of said deception so practiced on him, said memorandum is void; that in said written memorandum it is stated that the plaintiff shall provide a clear title to said real estate, that the same was free and clear from all incumbrance, but that said statement was and is false and untrue; that at the time there was a mortgage, a valid subsisting lien, on the same for $6,000; that the said mortgage is recorded in the office of the register of deeds of Oklahoma county; that it has not been paid off, satisfied, or discharged; that subsequently said mortgage was foreclosed in the superior court of Oklahoma county, and judgment was obtained for $5,000 and cost, and fixing it as a lien against said land; that said judgment has not been paid off, satisfied, or discharged; that said real estate was intended as a donation to the State Capitol Building Company, and that the proceeds arising from the sale of said real estate were to be used in the erection of a state capitol building for the state of Oklahoma; that it was not intended that the deed making the State Capitol Building Company grantee should be placed of record until the same was accepted and approved by the said company, but that by mistake of the office or employes of the said company it was recorded; that

after it was discovered by said company that the title to the said real estate was not clear and that it was incumbered it caused a deed in due form to be executed conveying the land back to said plaintiff; that said deed was duly recorded in the office of the register of deeds of Oklahoma county; and that therefore the consideration for the execution of said memorandum has failed.

The State Capitol Building Company also filed its answer, which is a general denial, and, among other things, it alleged that the deed executed by the plaintiff to said real estate was delivered to it by the said Ed. S. Vaught subject to its approval and acceptance, and that at the same time he instructed the company that said deed was not to be placed of record until it was so approved and accepted, but that by an error of one of the employes of said company said deed was placed of record, but as soon as this mistake was discovered the company immediately caused a quitclaim deed to be executed conveying the title to said land back to the plaintiff, and after the deed was recorded it was delivered to the plaintiff; that said company disclaims any right, title, or interest in or to said real estate, and confessed that the title is in the plaintiff.

The record does not disclose that a judgment was rendered in the trial court against the State Capitol Building Company, and hence it is not a party to this appeal.

After some motions and demurrers were filed to said answers and overruled, the plaintiff filed a reply to the answer of the defendant Ed. S. Vaught, but filed no reply to the answer of the defendant J. L. Francis. The reply denies all of the affirmative allegations contained in said answer, and then pleads that the plaintiff tendered said defendants a good and sufficient release of the mortgage, but that they refused to accept the title or pay for the land, and that plaintiff is now ready, willing, and able to tender a release of said mortgage. It is also denied that the judgment sought to be pleaded in the answer of the defendant Ed. S. Vaught is a general judgment against the plaintiff, but alleges that said judgment was one partitioning the land between parties.

The trial resulted in a verdict and judgment for the defendants, Ed. S. Vaught and J. L. Francis. Motions for a new trial as to said defendants were filed in due time and overruled, exceptions were duly saved, and the case is before us on appeal.

In the first and second assignments of error it is contended that the evidence does not reasonably tend to support the verdict and

judgment. And in the third and fourth assignments of error it is contended that the court erred in not directing a verdict for the plaintiff.

It appears from the record that there were a good many preliminary negotiations between the parties to this suit concerning the purchase of said real estate. The defendants were seeking to obtain deeds and options on lands to the amount of 650 acres from various persons for the purpose of providing a site and funds for the erection of a state capitol building for the state of Oklahoma, at or near the intersection of Twenty-Second street and Lincoln boulevard, in Oklahoma City; that before said land could be accepted as a site for the location of the capitol it, together with donations for said purpose, was to amount to a certain sum of money; that the said Ed. S. Vaught had agreed to donate five acres of land of the value of $10,-000, J. L. Francis had agreed to donate 2½ acres of land of the value of $16,000, and Levy Bros. had agreed to donate $5,000 in money. And it appears that the donations were of sufficient value, but the lands donated were not of sufficient acreage, and it became necessary to obtain additional lands to bring it up to 650 acres, and that said defendants were given authority from the State Capitol Building Company to use their donations and the $5,000 donated by Levy Bros, with which to procure additional lands, and that these facts were made known by said defendants to the plaintiff in their negotiations with him, and with full knowledge of said facts the plaintiff executed said deed conveying the title to said lands to the State Capitol Building Company, subject to its approval and acceptance; that the State Capitol Building Company was incorporated for the purpose and intent of holding all deeds, options, and donations in trust for the donors and for the state of Oklahoma, and that it had no power other or different than that of trustee for the donors and the state of Oklahoma.

It appears that the defendant Ed. S. Vaught testified in part that the plaintiff came to his office and represented to him that he had made and entered into a verbal agreement with the defendant J. L. Francis whereby he had sold said real estate to the defendants, and that he had executed a deed to said real estate conveying it to the defendant J. L. Francis, and that he was directed by the said J. L. Francis to come to his office and state to him the agreement so made and entered into, and that he did state to him the terms of the agreement. Plaintiff also stated to him that said J. L. Francis said that the said Ed. S. Vaught had authority to act for, represent, and bind him in said transaction, and for him to draw the necessary papers covering said agreement; that he believed the statements so made to be true, and in compliance with the same he executed said written memorandum; that at the same time he furnished the plaintiff a blank form of deed in which the State Capitol Building Company is grantee, and directed him to fill it out and sign it, thereby conveying the lands to said company; that the plaintiff and his wife executed the same and returned it to him, and within a short time thereafter he delivered said deed to the State Capitol Building Company, and instructed it not to place the same of record until it was accepted and approved by the company. He further testified that said statements and representations as to said agreement were false and fraudulent, and that because of the same he was induced to prepare and sign said written memorandum; that if he had not been so deceived by said false and fraudulent statements he would not have signed the memorandum.

The defendant J. L. Francis testified that he did not enter into the agreement mentioned and set out in the written memorandum; that Ed. S. Vaught never at any time had authority, either oral or written, to represent or bind him in said transaction, and that he did not tell the plaintiff that said Ed. S. Vaught had authority to represent, act for, or bind him in the same; that the plaintiff endeavored to get him to execute notes and secure them to cover the deferred payments, but that he informed said plaintiff that under no circumstances would he execute or secure said notes, and that thereupon he left said defendant's office, and that he had no other or further conversation or understanding with him about said land, and that he had no knowledge of the execution of the memorandum until some months thereafter, and in the spring of 1911; that the first knowledge he had of the same was when Ed. S. Vaught telephoned him to come to his office, that the plaintiff was there, claiming that they were indebted to him on the written memorandum for the purchase price of the land; that he immediately went to the office of the said Ed. S. Vaught, and then and there informed him and the plaintiff that he had not entered into such an agreement with the plaintiff, and that Ed. S. Vaught had no authority to represent, act for, or bind him in said transaction to pay for said land.

The plaintiff testified in part that, in pursuance of a verbal agreement made and en-

rered into by and between himself and the defendants, he made and executed a deed conveying said land to said J. L. Francis; that when he went to deliver it the said J. L. Francis informed him that Ed. S. Vaught had authority to represent, act for, and bind him in said transaction, and he instructed him to take the deed and abstract to Ed. S. Vaught, and that he would draw the necessary papers; that thereupon he went to the office of the said Ed. S. Vaught, and explained the agreement to him; that thereupon he drew and executed said written memorandum and furnished him a blank form of deed to be executed by himself and wife, conveying the lands to the State Capitol Building Company; that thereafter he and his wife signed, executed, and delivered said deed to Ed. S. Vaught.

It appears that at the time the alleged agreement was made and entered into between the plaintiff and J. L. Francis, and at the time the memorandum was signed, there were no other persons present except the parties to this suit. There is a sharp conflict in the testimony of the plaintiff, on the one hand, and the testimony of the defendants, on the other, and under the well-settled rule established by the decision of this court a case will not be reversed and remanded on account of conflicting evidence where there is any evidence reasonably tending to support the judgment. For a time so long that the memory of man runneth not to the contrary the jury and trial court have passed upon conflicting testimony and decided the issues in favor of one of the contending parties.

In the case of Tulsa St. R. Co. v. Jacobson, 40 Okla. 118, 136 Pac. 410, it is held that this court will not disturb on appeal a verdict on conflicting evidence where the verdict is approved by the trial court.

In the case of Iowa Dairy Separator Co. v. Sanders, 40 Okla. 656, 140 Pac. 406, it is said:

"If there is any testimony reasonably tending to support the verdict of the jury, and the verdict has been approved by the trial court, the judgment will not be disturbed on appeal."

In the case of St. L. & S. F. R. Co. v. Isenberg, 48 Okla. 51, 150 Pac. 123, the court said:

"Where a cause is tried to a jury, and a general verdict returned, and judgment rendered on the verdict, and the evidence is conflicting and contradictory, and there is competent evidence to sustain the verdict, this court will not undertake to weigh the evidence or determine its preponderance, but will sustain the verdict of the jury. Kuhl v. Supreme Lodge, S. K. & L., 18 Okla. 383, 89 Pac. 1126; Grant v. Milam, 20 Okla. 672, 95 Pac. 424; Wade v. Cornish, 23 Okla. 40, 99 Pac. 643."

It is also contended that the court erred in admitting incompetent and irrelevant evidence over proper objections and exceptions as to the fraud alleged to have been practiced by the plaintiff concerning the written memorandum. Where a written instrument is attacked for fraud, all the circumstances, negotiations and transactions leading up to and surrounding the execution of the instrument, as well as the motives and intentions that prompted the maker to execute it, may be shown.

In the case of Hankins v. Farmers' & Merchants' Bank, 42 Okla. 330, 141 Pac. 272, it is said:

"In determining the existence of fraud, any evidence, direct or circumstantial, which is competent by other rules of law, and which in the opinion of the court has a legitimate tendency to prove or disprove the allegations in the issue, is admissible. Great latitude is allowed in the introduction or evidence, the extent of the investigation being largely in the discretion of the trial court, and objections to circumstantial evidence on the ground of irrelevancy are not favored. Circumstantial evidence to show fraud may well be admissible when taken as a whole, although some of the circumstances, considered separately, would be incompetent. The whole transaction involving the alleged fraud may be given in evidence."

It is also contended that the court erred in permitting the defendants to prove said real estate was incumbered. It appears from the record that the court did admit evidence over proper objections and exceptions to this effect, but that thereafter it sustained a demurrer to that part of the answer of the defendants alleging said incumbrance, and withdrew this evidence from the consideration of the jury. If admission of such evidence was error, such error is cured by withdrawing it from the consideration of the jury.

It is contended that the court erred in giving and refusing to give certain instructions to the jury. The court instructed the jury that the memorandum sued on is a contract and promise to pay, and that it is a binding obligation on the defendant Ed. S. Vaught, if no fraud was practiced on him, in obtaining his signature thereto, and that it is also binding upon the defendant J. L. Francis if the defendant Ed. S. Vaught had authority to execute said instrument in his behalf and act for him in said transaction.

It is a well-settled rule that the instructions of the trial court to the jury are to be construed as a whole, and if the instructions as a whole fairly present the issues to the jury the case will not be reversed. After examination of the instructions and considering them as a whole, it appears to us that they fairly presented the issues to the jury. It must clearly appear that the instructions complained of probably caused a miscarriage of justice before a reversal will be ordered. C., R. I. & P. R. Co. v. Newbern, 39 Okla. 804, 136 Pac. 174; Chickasha St. R. Co. v. Marshall, 43 Okla. 192, 141 Pac. 1172; section 6005, Rev. Laws 1910.

Finding no error in the record, the judgment below is affirmed.

By the Court: It is so ordered.