## COOPER v. GIBSON et al.

No. 6816—Opinion Filed Nov. 6, 1917.

On Petition for Rehearing, Jan. 29, 1918.

(170 Pac. 220.)

### 1. Fraud—Conveyance of Different Tract.

Where, in the negotiations leading up to an agreement to exchange land, one party exhibits to the other a certain tract and represents that that is the land which he offers to exchange, and the other, relying upon such representations, agrees to the exchange, and in the deed made in pursuance to the contract another tract and one of less value is described and conveyed, an actionable fraud is committed.

**2. Fraud—Proof.**

A wide latitude is allowed in cases of fraud, and circumstances altogether inclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof.

**3. Fraud—"Actionable Fraud"—Requisites.**

To constitute actionable fraud, it must be made to appear: (1) That defendant made a material representation; (2) that it was false; (3) that he made it when he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury, and (7) that all these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them would be fatal to a recovery, following Wingate v. Render, 58 Okla. 656, 160 Pac. 614.

On Petition for Rehearing.

**4. Set-Off and Counterclaim—Pleading and Proof.**

Under section 4746, Rev. Laws, 1910, a defendant may plead and prove a counterclaim arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action, and it is not necessary that the same shall exist as between all parties and defendant in such action.

**5. Limitation of Actions — Counterclaim—Statute.**

A counterclaim pleaded as a defense, or set-off pleaded for the purposes of liquidating the whole or part of plaintiff's claim, is not barred by the statute of limitations, until the claim or the demand of the plaintiff is barred.

(Syllabus by Galbraith, C.)

Error from District Court, Harper County; W. C. Crow, Judge.

Action by the Bank of Harwood against Sallie E. Gibson and Geo. H. Gibson and the First National Bank of Nevada, Mo., in which S. J. Cooper intervened. Judgment for the defendants and against the intervener for costs, and he appeals. Affirmed.

Chas. Swindall and F. J. Dick, for plaintiff in error.

R. H. Nichols, for defendants in error.

Opinion by GALBRAITH, C. This action was commenced in the trial court by the Bank of Harwood to recover on a promissory note for $286.85, given by S. E. and Geo. H. Gibson, and to foreclose a real estate mortgage on real estate located in Harper county, executed by the makers of the

note to secure the same. The First National Bank of Nevada, Mo., was made a defendant for the reason that it held a second mortgage on the land to secure a promissory note for $700 and interest. The Gibsons paid the note of the Bank of Harwood, and the plaintiff in error S. J. Cooper intervened in the case on the ground that he had purchased the note given the First National Bank of Nevada, Mo., and its mortgage had been assigned to him, and that that bank had no further interest in the suit, and that he was the owner and holder of the indebtedness formerly held by that bank, and asked by way of cross-petition that he have judgment against the Gibsons for the amount of his note and interest and a foreclosure of his mortgage. The Gibsons answered admitting the execution of the note set out by Cooper, but charged that it had been given as a balance of the purchase money in a trade of property between Cooper and the Gibsons, wherein Cooper had traded the Gibsons certain land in Harper county for land of the Gibsons in Missouri, and a stock of merchandise, but that Cooper had defrauded them and they had sustained damages in more than the amount of the note, in this, that he had shown them one tract of land and deeded them another tract and one of less value, wherefore they prayed judgment against Cooper for the amount of damages so sustained. There was a reply in the nature of a general denial, and upon the issues thus made the cause was tried to the court and a jury. The jury found that the Gibsons had sustained damages and fixed the amount of their recovery at $1,169, and for the intervener for the amount of the note sued upon, being the sum of $1,169. The court rendered judgment upon the verdict against the intervener for cost, to review which this appeal is prosecuted. This being an action at law and the controlling issues being questions of fact, it was essentially a case for the determination of the jury.

It requires no citation of authority to establish the proposition advanced by the defendants in error here that if Cooper, in the negotiations for the exchange of the land, showed the Gibsons one tract and deeded them another tract of less value, that he perpetrated a fraud upon them, and that he was liable in an action for damages for all the injury that they thereby sustained. The verdict of the jury, in effect, found these issues in favor of the Gibsons, and there being evidence to support such findings the verdict of the jury is conclusive on that point upon this appeal.

It is complained that the court erred in giving instruction No. 2 to the jury, wherein the element of fraud are explained and the law relative thereto is announced. An examination of that instruction will show that the trial court followed very closely the elements of fraud and the law controlling in cases of the character of the instant case, as declared by this court in Wingate et al. v. Render, 58 Okla. 656, 160 Pac. 614, and also in the case of Gannon, Goulding & Thies v. Hausaman, 42 Okla. 41, 140 Pac. 407, 52 L. R. A. (N. S.) 519. Therefore giving that instruction was not error.

Again, it is complained that the trial court erred in the admission of testimony. The governing rule on this question is announced in the second paragraph of the syllabus in Hankins v. Farmers' & Merchants' Bank, 42 Okla. 330, 141 Pac. 272, as follows:

"In determining the existence of fraud any evidence, direct or circumstantial, which is competent by other rules of law, and which in the opinion of the court has a legitimate tendency to prove or disprove the allegations in the issue, is admissible. Great latitude is allowed in the introduction of evidence, the extent of the investigation being largely in the discretion of the trial court, and objections to circumstantial evidence * * * to show fraud may well be admissible when taken as a whole, although some of the circumstances, considered separately, would be incompetent. The whole transaction involving the alleged fraud may be given in evidence. 20 Cyc. 10."

No prejudicial errors of law appearing upon the record. the judgment appealed from should be affirmed.

By the Court: It is so ordered.

On Petition for Rehearing.

GALBRAITH, C. It is insisted in the petition for rehearing: (1) That the cross-petition and answer of the defendants in error do not state a defense; (2) that the matters therein set out were not proper subjects of a counterclaim; and (3) that the same were barred by the statute of limitation; and (4) that there was not sufficient evidence to support the verdict. The pleading filed by the plaintiff in error, to which the cross-petition and answer were filed, it will be recalled, was based upon a promissory note and a real estate mortgage given to secure the same, and the prayer was for judgment for the amount of the note and for foreclosure of the mortgage.

In the answer and cross-petition there are six counts, all of which attempt to set up a defense to the action. In answer to objection that no defense was stated, it will

only be necessary to set out the second and fifth paragraphs of this pleading. The second paragraph is as follows:

"As a second and further defense to said note and mortgage, and by way of amended cross-petition against the said intervener, S. J. Cooper, these defendants allege and say: (1) That the said intervener was paid the said $700 so obtained by said note and mortgage described in said intervener's cross-petition as part and parcel of the sale of land by the said intervener to these defendants. That the said intervener, then and now residing with his family in the state of Kansas, approached these defendants, who were then residents of the state of Missouri, with a proposition to sell to the defendants certain lands claimed to be owned by him in Oklahoma, and to trade the same to these defendants for certain real and personal property by them owned in the state of Missouri. That said negotiations were part carried on by and through one Harper, who claimed to be acting as agent, but who, in fact, was in partnership with said Cooper. That by reason of said representations defendants were induced as a part of said transaction to enter into the contract hereto attached and marked Exhibit A. That the defendants were induced to come to Oklahoma and investigate the lands so claimed to be owned by the said Cooper, and which he proposed to turn over in part payment for the lands and personal property of the said defendants. That the said Cooper then claimed to be the owner of the southeast half of the northeast quarter, and the east half of the southeast quarter of section 1 in township 25 north, of range 21, then in said Woodward county, now situate in said Harper county, which was a portion of the body of the land aforesaid. That he also claimed to own the southwest quarter of the northeast quarter, the northwest quarter of the southeast quarter, and the east half of the southwest quarter of section 32, and the south half of the southeast quarter of said section 32 in township 26, and lots 2 and 3 of section 5 in township 25, all being in range 22, as aforesaid, in said county and state. That the said Cooper conveyed these defendants to the neighborhood of the last-described tracts of lands, and exhibited and showed to the said defendants, in part, other and different lands than the said described lands, and claimed and presented to the defendants that the lands he was showing to the said defendants were the tracts of lands he owned and had proposed to trade and sell, as aforesaid to the defendants. That the lands in fact shown to these defendants were other and more valuable lands owned by the said Cooper, and known by the said Cooper. at the time he so represented said lands to be the lands owned by him, to be of greater value than the lands he in fact owned or controlled, and well knowing at the time that he did not own or control the lands he did show the said defendants,

but that he so showed and represented said lands to the said defendants for the sole purpose of misleading and defrauding these defendants. That the said defendants did not know the truth of the said representations and pretensions so made by the said Cooper, or where the lands he (the said Cooper) represented he owned were, in fact, located, or where the lines thereon run, and relied upon the truth of said representations accepted in said trade the lands hereinbefore described, and which said lands so conveyed were not, in fact, the lands so shown and exhibited by the said Cooper, and which said lands so shown by the said Cooper as being the lands which he was selling to, and would convey to, the said plaintiff are described as follows, to wit: 'The 'southwest quarter of the northeast quarter, and the east half of the southeast quarter, the southwest quarter of the southeast quarter, and the south half of the southwest quarter of section 32, in township 26 north, of range 22; the northwest quarter of the northeast quarter, the northeast quarter of the northwest quarter of section 5 in township 25 north, of range 22, Harper county and state of Oklahoma.' That the lands so conveyed to the said defendant were of a much less value than the lands so shown and exhibited as aforesaid, to wit, in the sum of $1,200, and by reason of which said fraudulent representations and pretense the said defendants are and were damaged by the said Cooper in the sum of $1,200."

The fifth paragraph is as follows:

"These defendants for a fifth and further cause of action allege and say that they adopt each and every of the allegations contained in the second count of defendants' amended answer and amended cross-petition contained the same as if herein written in full. These defendants further allege the fact to be that the note and mortgage sued upon was given for money borrowed by the said defendants, and for an amount that was figured as being the difference in the valuation of the properties traded by the said defendants to the said Cooper and the properties traded by the said Cooper to these defendants, as aforesaid, and the basis of such computation was that the said deed of conveyance conveyed a good and perfect title, and not a defective one as heretofore alleged; that the lands that were to be conveyed and the lands which were conveyed were not the same lands as hereinbefore alleged, and that the said 480 acres of land the said Cooper represented he had power and authority to convey to the said defendants was true and that he had such authority, when in truth he had none, but same were then government lands over which he had no control as hereinbefore alleged, and that the said Cooper at the time when he made such representations, and each of them knew that they and each of them were false and untrue, and that he made such representations for the purpose of misleading and defrauding the defendants and each of them, and they, believing in said representations, and each of them, and relying thereon, and believing therefrom that there was due from the said defendants to the said Cooper as balance on said trade the sum of $700, entered into negotiations by and with the knowledge and advice of the said Cooper for the borrowing of the money represented by the said note; that the said Cooper was present at the time of the negotiation of the said loan and knew the purpose for which the same was negotiated and made, and received the money so obtained on the said note of and by his said fraudulent representations aforesaid, so that as to him (the said Cooper) the said note so sued upon was and is without any consideration whatever. Defendants allege that by virtue of the said many frauds and misrepresentations of the said Cooper, and the breach of the said covenants of the said deed as aforesaid, the said defendants have been and are damaged in the aggregate sum of $6,700."

It occurs to us that the allegations of the answer and cross-petition above set out are sufficient, if sustained by the proof, to constitute a defense to the action, and that no citation of authority is necessary to support this proposition. It is equally clear that the defense attempted to be stated in the pleading was the proper subject of a counterclaim under sections 4745 and 4746, Rev. Laws 1910, inasmuch as the counterclaim for damages attempted to be stated arose out of contract, that is, the contract of exchange of property entered into between these parties, and resulted from a breach of the obligation of such contract by the plaintiff in error. Mowatt v. Shidler et al., 66 Okla. 303, 168 Pac. page 1169. Under the section of the statute last above cited (section 4746), the counterclaim is not barred, since that statute expressly provides that:

"Such set-off or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred." Advance Threshing Co. v. Doak et al., 36 Okla. 532, 129 Pac. 736; Stauffer et al. v. Campbell, 30 Okla. 76, 118 Pac. 391; McKay v. H. A. Hall & Co., 30 Okla. 773, 120 Pac. 1108. 39 L. R. A. (N. S.) 658.

The record does not show that there was either a demurrer to the evidence or motion for a directed verdict. Therefore the question of the sufficiency of the evidence to support the verdict cannot be raised by assignment here, as is attempted to be done in the petition for rehearing   Muskogee Electric Traction Co. v. Reed, 36 Okla. 334, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Simpson v. Maudlin, 61 Okla. 92, 160 Pac. 481; Van Arsdale & Orborue

Brokerage Co. v. Hart, 62 Okla. 119, 162 Pac. 461.

It therefore appears that the assignments set out in the petition for rehearing are not well taken, and that the rehearing should be denied and the original opinion filed herein adhered to.

By the Court: It is so ordered.