## HANKINS v. FARMERS' & MERCHANTS' BANK.

No. 7149—Opinion Filed Feb. 5, 1918.

(170 Pac. 890.)

### Appeal and Error—Reversal and Remand—Proceedings Below—Instructions.

Where a cause has been appealed to this court, and the same is reversed and remanded, the trial court is governed, in the retrial of said cause, by the law as announced by this court in such case on appeal, and it is error, in the retrial of said cause, for the court to give the jury an instruction in said cause which strikes down the defense interposed by the defendant which this court held on appeal constituted a good defense, or to instruct the jury that the defendant must establish additional facts to those alleged in the answer of the defendant which this court held on appeal alleged facts sufficient to constitute a defense.

(Syllabus by Pryor, C.)

Error from County Court, Ellis County; A. L. Squire, Judge.

Replevin by the Farmers' & Merchants' Bank against Amanda J. Hankins. Judgment for plaintiff, and defendant brings error. Reversed, with directions to grant a new trial.

See, also, 42 Okla. 330, 141 Pac. 272.

C. B. Leedy, for plaintiff in error.

A. E. Williams and H. L. Adkins, for defendant in error.

Opinion by PRYOR, C. This is a replevin action commenced in the county court of Ellis county on the 17th day of February, 1911, by the defendant in error, the Farmers' & Merchants' Bank, against the plaintiff in error, Amanda J. Hankins, to recover the possession of certain personal property, which the said bank claimed under and by virtue of a chattel mortgage given to it by the said Amanda J. Hankins. The parties will be referred to, for convenience, as they appeared in the trial court.

The petition contains the usual and ordinary allegations of a petition in replevin. The answer of the defendant was a general denial, and for an affirmative defense to the action of the plaintiff alleging that the notes secured by the said mortgage were procured by fraud and without consideration, and that the plaintiff had knowledge of the fraud, and in this regard alleges, in substance, that the note was made payable to one W. H. Springfield, an attorney

at law; that the consideration given the plaintiff for the note was a deed to certain lands lying in Ellis county, Okla., which was a deed from the said W. H. Springfield, who claimed to be the owner of said lands; that the only claim of title to said land the said Springfield had was a deed procured from Edward H. Thompson, son of the defendant, through means of fraud, duress, and intimidation perpetrated by the said W. H. Springfield and one John R. Thompson; that they procured the said deed from the said Edward H. Thompson by falsely charging the said Edward H. Thompson of committing criminal offenses against the wife of John R. Thompson; that the said W. H. Springfield was at the time of the procuring of the execution of said deed the attorney and adviser of said Edward H. Thompson and that the said W. H. Springfield, while acting as attorney for the said Edward H. Thompson, advised and counseled him that the only way of settling the trouble between him and the said John R. Thompson and avoiding a term in the penitentiary was to put his real property in the name of some other person, and to leave the state and stay away; that by reason of these threats and charges and advice of the said Springfield said Edward H. Thompson was induced to execute a deed to the particular piece of land which was conveyed to this plaintiff in consideration of the note given; that this plaintiff at the time of making said note had no knowledge whatever or notice of the want of title in the said W. H. Springfield; that the bank, the plaintiff, not only had knowledge of the fraudulent transaction between Springfield and Edward H. Thompson, but participated therein, and knew that the procuring of the execution of the note and the chattel mortgage sued on were in furtherance and in pursuance of the fraud perpetrated on the said Edward H. Thompson.

It was further alleged by the said Edward H. Thompson subsequently in an action in the district court of Ellis county against the said W. H. Springfield that this defendant secured a judgment annulling and canceling all of the conveyances to the above mentioned real estate.

There was a trial of the issues to the court and jury on the 17th day of November, 1914, which resulted in a verdict and judgment for the plaintiff. From this judgment the defendant prosecutes her appeal to this court for review.

The only assignment of error urged on appeal by the defendant necessary to consider is that the court erred in its statement of the law of the case in its instructions to the jury.

Instruction No. 5 in part contains the following:

"If it were true that the bank knew what really was the consideration leading to the execution of the deed by Ed. Thompson to Mr. Springfield, that fact alone would not change the bank with knowledge of the failure of consideration or of fraud in procuring such deeds. The fact that the officers of the bank, acting as notary public, took the acknowledgments to the various papers in the original transaction, would not charge the bank with knowledge of any fraud or failure of consideration for the note and mortgage involved in this case. The bank or the officers of the bank were not required to inquire into or investigate the original transactions between the Thompsons and Springfield, or to know that such transactions would afterwards be repudiated by any of the parties to those transactions; but before you find for the defendant in this case, on the ground of failure of consideration, because of the alleged fraud involved in those other transactions you must find that the bank acted under circumstances which amounted to bad faith on its part, and if you should fail to find from such preponderance of the evidence that the bank acted in such bad faith, then you should find for the plaintiff in this case."

This case was before this court once before on appeal, and this court held that the fraud perpetrated upon Ed. Thompson by John R. Thompson and Springfield, with the knowledge of the bank, as alleged in the answer of the defendant herein, constituted a defense to the cause of action. Amanda J. Hankins v. Farmers' & Merchants' Bank, 42 Okla. 330, 141 Pac. 272.

The first sentence of this instruction strikes down this defense altogether, and tells the jury that the very thing which this court held in this case constituted a defense does not constitute a defense. The court further instructs the jury that, in addition to finding all those things, it must find that the bank acted in bad faith. Norton on Bills and Notes (2 Ed.) p. 306, defines "bad faith" in this particular as follows:

" 'Bona fides' or 'good faith' is a term used as a mere distinction from 'mala fides' or 'bad faith.' If paper be purchased without anything which the law can construe into notice, it is spoken of as being purchased in good faith. Where, on the contrary, the purchaser has what the law construes to be notice of defects or equities, then he is a purchaser in bad faith, and can secure to himself none of the advantages given to the bona fide purchaser; but bad faith means nothing more than participa-

tion in the fraud, and resolves itself into a question of honesty or dishonesty, for guilty knowledge and willful ignorance alike involve the result of bad faith. * * * Good faith, then, is absence of knowledge or means of knowledge on the part of the purchaser of the facts which constitute the defense to the instrument. It is evidenced by the facts of each transaction."

This language has been approved and adopted by this court in the case of Forbes v. First Nat. Bank of Enid, 21 Okla. 206, 95 Pac. 785.

If the bank purchased the notes with knowledge of the fraudulent circumstances alleged in the answer, then under the above definition the bank "acted in bad faith," and it is not incumbent upon the defendant to establish any additional circumstances to negative the fact that the bank was an innocent purchaser. The defense alleged in the answer which this court has held constituted a good defense if established constitutes the bank a purchaser with knowledge of fraud and makes it guilty of acting in bad faith when it so purchased said note.

The evidence of the plaintiff itself shows that in the transaction between the plaintiff and defendant wherein the money was advanced and the note executed the defendant in the first instance requested the bank to advance the money directly to her; that after some negotiations the bank agreed with the defendant to use her note if she would make it payable to W. H. Springfield, secured by mortgages, or have Springfied indorse, as he knew what the consideration was; that the note and the mortgages securing the same were executed in the plaintiff bank. The bank participated in the execution of the note and mortgage. The transaction was directly with defendant Amanda J. Hankins, and the loan made direct to her. The note and mortgage were made payable to Springfield at the bank's request. The better reason seems to be that the bank is not in the position of an innocent purchaser, but in fact it is the original party to the note. The money was really never delivered to the defendant, but placed to the credit of W. H. Springfield in the plaintiff bank.

Under these facts and circumstances, surrounding the execution of note very obviously the above instruction fails to fully and fairly inform the jury of the law which is to guide them in their consideration of the case to such a degree as to be prejudicial to the rights of the defendant and deprive her of a fair and impartial trial.

The judgment of the lower court should be reversed, with directions to grant a new trial.

By the Court: It is so ordered.