## KINGHAN v. CAPPS.

No. 13179—Opinion Filed Sept. 16, 1924.

1. **Malicious Prosecution — Evidence — Testimony of Magistrate as to Disposition of Criminal Charge.**

In the trial of a suit brought for damages for malicious prosecution, it does not constitute reversible error to permit proof by the justice of the peace before whom the criminal charge was lodged that he heard the evidence on the part of the state and sustained a demurrer thereto and released the party charged, when the sole objection made to the testimony is that it is not the best evidence; and particularly when the justice of the peace has not completed his docket entries by showing what disposition was made of the criminal charge, as in this case.

2. **Same—Effect of Verdict for Plaintiff — Review.**

In the trial of a suit for damages for ma-

licious prosecution, a verdict returned for plaintiff is in effect a finding by the jury that there was no probable cause for believing that the plaintiff had committed the crime of which he was charged, and that the defendant did not, in good faith, disclose all of the facts concerning the alleged commission of the crime to his own attorney, or to the county attorney, and that the criminal prosecution was maliciously brought: and when there is any competent evidence disclosed by the record, reasonably tending to support such findings, the verdict and judgment will not be set aside because of insufficiency of the evidence.

3. **Appeal and Error—Harmless Error—Instructions.**

Where, in the trial of a cause to a jury, the court's instructions, taken in their entirety, fairly submit the issues to the jury, a seemingly incorrect statement of law in one of the instructions will not require a reversal of the judgment unless it is made to clearly appear that the instruction complained of probably caused a miscarriage of justice.

4. **Judgment Sustained.**

Record examined, and held, that the instructions given by the court, taken in their entirety, fairly submitted the issues to the jury; and held, that the verdict is supported by the evidence; and held, that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by C. L. Capps against Robert L. Kinghan for damages for malicious prosecution. Judgment for plaintiff, and defendant appeals. Affirmed.

Simons, McKnight & Simons, for plaintiff in error.

Dyer & Keim, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error, defendant below, will be referred to herein as defendant, and the defendant in error, plaintiff below, as plaintiff.

The facts out of which this case arose are that defendant was operating an automobile repair and machine shop at Enid, Okla., and the plaintiff placed his automobile in defendant's shop for repair. After the repair work had been completed the repair bill was fixed at $20 and plaintiff, after some protest that it was an excessive charge, wrote a check in payment of the bill and took his automobile out of the shop. Afterwards he concluded from some information furnished him that he had been overcharged for the work, and talked with the defendant about the matter and defendant got mad and refused to make any adjustment of the bill, and the plaintiff stopped payment on the check. Defendant placed the $20 check in the hands of his attorney, who wrote some letters in an effort to collect it, and thereafter told defendant to take the matter up with the county attorney. Defendant took the check to the county attorney and asked for a warrant for the drawer of the check, plaintiff here. The matter of filing criminal complaint and issuance of warrant was held up by the county attorney; but because of the insistence of the payee, the defendant here, the county attorney prepared a complaint charging the plaintiff here with obtaining the sum of $20 under false pretense. The plaintiff was arrested and preliminary hearing was had on the criminal complaint, and at the close of the state's testimony the justice of the peace sustained a demurrer thereto and discharged the defendant, the plaintiff here. The defendant here was the state's principal witness in the criminal prosecution. After the plaintiff here was discharged in the criminal proceeding, he filed suit against this defendant for malicious prosecution. The petition was filed on December 18, 1920, in which the plaintiff charged that he was arrested without probable cause and had been discharged upon the hearing of the criminal charge, and that he had sustained damages by reason of the arrest and prosecution in the sum of $10,200. The answer denied the allegations of the petition, and for affirmative defense it was alleged that defendant acted upon advice of his attorney to whom he made a full and complete statement of the facts. The cause was tried to a jury on October 25, 1921, resulting in a verdict and judgment for plaintiff in the sum of $500. The defendant prosecutes appeal.

The errors assigned are argued under three propositions:

(1) The court erred in admitting the evidence of J. V. Ratcliffe as to the judgment in the criminal action.

(2) The court erred in overruling the demurrer to the evidence offered by plaintiff in the trial court, and in overruling the motion for a directed verdict.

(3) The court erred in giving instruction No. 11.

1. In the trial it seems that the justice of the peace, before whom the preliminary trial on the criminal complaint was heard, was called as a witness and was permitted to testify that he sustained a demurrer to the state's evidence and discharged the defendant. This was objected to for the rea-

son that it was not the best evidence, and the objection was overruled and exception reserved to the ruling. It was further shown that the justice had not completed his docket entries by entering the demurrer and judgment sustaining the demurrer and discharging the defendant. The justice of the peace identified the jacket in which he kept the papers in the criminal case on which was indorsed the words "dismissed on demurrer." The question was asked of the justice of the peace as to the outcome of the criminal prosecution, and was answered before an objection was made to the question, and after the answer was given an objection was interposed to the question. No motion was made to strike the answer. An objection made to a question after it is answered comes too late to save the point without a motion to strike the answer and a ruling on the motion. Further along in the testimony the justice of the peace was permitted to testify without objection that the plaintiff (defendant in the criminal proceeding) was discharged. Afterwards, on cross-examination of the justice of the peace by counsel for defendant, the docket entries of the justice in the criminal proceeding were read into the record by defendant's counsel. It shows a notation that a criminal complaint was sworn to by defendant, but does not show what disposition was made of the case, and in answer to questions propounded by the court the justice testified that he discharged the defendant upon the states testimony and made an entry upon the jacket holding the papers. All that was attempted to be proven by the justice of the peace was that the plaintiff had been arrested upon a complaint made by the defendant, and that a hearing was had and the defendant (plaintiff here) discharged. It is difficult to understand how the defendant in this case could have been prejudiced by the statement of the justice of the peace, that upon a hearing of the criminal charge he released the defendant (plaintiff here). If the objection had been technically correct and the statements of the justice of the peace only secondary evidence, no harmful consequences could follow to the defendant. It was not in dispute that plaintiff was discharged in the criminal proceeding. The plaintiff himself was permitted, without objection, to testify that he was released from the criminal charge upon a hearing before the justice of the peace. If the justice of the peace had completed his docket, all that could have been established thereby was that a hearing was had on the criminal charge and the party released. The defendant was not defending in the damage suit on the theory

that plaintiff had not been released upon the hearing of the criminal charge. His defense was that he had disclosed all the facts to his attorney and to the county attorney, and that the prosecution was in good faith based upon an honest belief that a crime had been committed.

Under the circumstances presented here, we refuse to find reversible error because the justice of the peace was permitted to testify that he discharged the plaintiff in the hearing on the criminal complaint.

2. The defendant complains of error of the trial court in overruling the defendant's demurrer to the plaintiff's evidence, and in overruling the motion for a directed verdict. We have carefully examined the evidence adduced by the plaintiff, and it tends strongly to show that there was no probable cause for believing that a crime had been committed. The plaintiff made objection to the charge of $20 for the work done, and under protest gave a check. Afterwards he thoroughly convinced himself that he had been charged too much, and stopped payment on the check after advising with his banker. The plaintiff stopped the payment. evidently, so that he might get a proper adjustment of the bill. He had, at the time, about $1,600 in the bank. No effort was made to collect the amount from plaintiff although he had ample funds out of which the check could have been collected. According to the information gotten by the plaintiff he had been overcharged by the defendant something like $15 for the work done. After getting the information about what was a proper charge, he saw the defendant and talked to him about it, and defendant got mad and refused to make any adjustment, and afterwards had plaintiff arrested on a charge of obtaining the sum of $20 under false pretense, and a hearing was had upon the criminal complaint and the plaintiff was discharged. There was ample evidence upon the matter of lack of probable cause. The defendant was defending upon the theory that he had, in good faith, believed that a crime had been committed and had disclosed all the facts to his attorney, and all the facts to the county attorney. But, it is inconceivable that if defendant had disclosed all the facts to his own attorney, or to the county attorney, that either one of them would have advised the arrest and prosecution upon the criminal charge made. The defendant never made any effort to find out why the check had been turned down, or whether there were sufficient funds in the bank to pay the check. It is apparent from the record that the defendant was attempt-

ing to use a criminal warrant to force collection of his claim without having to resort to a civil remedy. There was ample testimony to make a question of fact for the determination of the jury, both as to the matter of probable cause for believing that a crime had been committed, and also whether or not defendant had, in good faith, disclosed all the facts to his own attorney and to the county attorney.

It has been repeatedly held by this court that where there is any competent evidence which would reasonably tend to support a verdict and judgment for one party, it is not error to overrule a demurrer to the evidence or overrule a motion for a directed verdict made by the opposing party. Where there is a question of fact presented by the evidence, this court is not authorized to disregard the verdict of the jury.

3. The defendant complains that court's instruction No. 11 was erroneous and requires a reversal of the judgment. This instruction had the effect of advising the jury that if they should find that there was no probable cause for said criminal prosecution, and that they should further find that the said prosecution was malicious or for the sole purpose of collecting money from the plaintiff, and that plaintiff was damaged by reason of and as a direct and proximate result of said criminal prosecution, their verdict should be for plaintiff, but if they should fail to so find, their verdict should be for the defendant.

This instruction is a proper statement of the law as applied to the evidence. From the testimony the jury was warranted in finding that the sole purpose of the prosecution was to force collection of a civil liability, and that the malice consisted in a vindictive prosecution through the criminal machinery of the state to enforce collection of a debt.

It has frequently been held, in effect, that the institution of a criminal prosecution for the purpose of compelling a person prosecuted to pay a debt or to turn over property in his possession, constitutes a malicius act such as will support an action for malicious prosecution. Jackson v. Linnington, 47 Kan. 396, 28 Pac. 173; Schofield v. Ferrers, 47 Pa. St. 194, 86 Am. Dec. 532; White v. International Text Book Co. (Iowa) 136 N. W. 121.

We have examined all the instructions given in the light of the evidence adduced at the trial, and have concluded that the instructions, taken as a whole, properly declared the law applicable to the evidence.

In Thompon v. Vaught, 61 Okla. 195, 160 Pac. 625, it was held by this court that:

"It must clearly appear that the instructions complained of probably caused a miscarriage of justice before a reversal will be ordered."

Upon a full consideration of the record here presented, we cannot say that instruction No. 11 complained of caused a miscarriage of justice. There is no vice in the instruction complained of which requires a reversal of the judgment.

Upon an examination of the whole case we conclude that the defendant was not denied any substantial right upon the trial; and that there is no error which justifies or requires a reversal of the judgment.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.