### M. J. Wolford, Trustee of Frank Lindley, Bankrupt, Appellee, v. John Rusk, Appellant.

NEGOTIABLE INSTRUMENTS—*when equitable defenses may be interposed.* The release of a guarantor may be interposed by him as a defense against one who acquires the note upon which the guaranty appears, after the maturity thereof.

Action commenced before justice of the peace. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 17, 1908.

ACTON & ACTON, for appellant.

WALTER C. LINDLEY, for appellee; L. T. ALLEN, of counsel.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This action was originally brought against Rusk and Headlee, before a justice of the peace, and then taken by appeal to the circuit court. Pending the litigation Lindley became bankrupt, and Wolford, trustee, was substituted as plaintiff, and the suit was dismissed as to Headlee. Upon a trial before the circuit court without a jury, judgment was rendered against the defendant for $103.50. The note which is the basis of the suit was executed and delivered by Rusk to Headlee and matured September 27, 1904. On April 7, 1904, Rusk hypothecated the note as security for a loan and at the same time endorsed the same as follows: ''I guarantee the payment of this note at maturity. John Rusk.''

The loan was afterwards paid by Rusk and the note in question returned to him. After its maturity it was sold to a third party, who, simultaneously with the delivery of the note to him, executed to Rusk a separate written agreement that Rusk should not be held liable upon the note in any way. Lindley afterward purchased the note with no actual notice of such written agreement. It is contended by appellant that having purchased the same after maturity, Lindley took the note dishonored and with notice and that Rusk as endorser and guarantor is entitled to interpose the written agreement in question as a defense the same as he could against the party to whom he sold the note; while appellee contends that Lindley took the same free from any latent equities existing between the endorser and endorsee.

It is well settled that latent equities between intermediate parties cannot be set up against a purchaser after maturity (2 Rand. Com. Paper No. 675), and that only those defenses that grow out of the relations

of original parties to the instrument can be interposed. Bank v. Texas, 87 U. S. 72. We are of opinion that the guaranty of the note by appellant may be properly regarded as a distinct and independent substantive undertaking to which appellant and the third party accepting the note upon the credit thereof were original parties. 1 Dan. Neg. Inst., 669. It follows that the contemporaneous agreement of such third party releasing appellant from liability was sufficient to defeat recovery upon the note in the hands of Lindley, who acquired the same after maturity.

The rule sought to be invoked by counsel for appellee that where one of two innocent parties must suffer a loss by reason of the fraudulent act of a third party, the loss must fall upon the one who placed in such party's possession the means by which he was enabled to perpetrate the fraud, is not applicable, there being no claim that actual fraud was either perpetrated or intended by the transaction. Lindley was manifestly not one of two innocent parties within the meaning of the rule stated. Under the law he took the note when it was dishonored, and as has been said, subject to all latent equities between the original parties.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*