## J. A. Rhodes and G. C. Wilson, Appellants, v. Samuel W. Andrews, Appellee.

Opinion filed March 2, 1942.

WALTER C. KLITZING, of Altamont, for appellants.

JOHN W. KELSEY and GLEN B. WILSON, both of Greenville, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

The Model Glove Company, a corporation, executed and delivered to the trustees of the First National Bank of Altamont, Illinois, its judgment note dated July 17, 1934, for $2,590, due six months after date, payable to the order of such trustees. On the date of the note and before its delivery to the payees, a guarantee of payment was written on the back of the note and signed by Frank L. Andrews, and by the defendant S. W. Andrews, who was the then president of the Glove

Company. The guarantee read as follows: ''For value received the undersigned guarantee the payment of the within note, hereby waiving demand, protest and notice of every kind and nature.''

The Glove Company defaulted in the payment of the note when it became due. On September 5, 1940, the note was indorsed by the payees without recourse and delivered to the plaintiffs. On December 31, 1940, plaintiffs commenced this suit against the defendant S. W. Andrews to enforce his guarantee on the note.

Defendant moved to dismiss the suit on the ground that a suit on his guarantee was premature because of certain proceedings had in the United States District Court. Such motion to dismiss alleged that the Model Glove Company, after the maturity of the note and before its transfer to the plaintiffs, applied to the United States District Court for reorganization under the provisions of section 77B of the Bankruptcy Act; that thereafter on February 15, 1940, the federal court entered an order confirming a plan of reorganization of the Glove Company; that such order extended the time for the payment of the note by providing for payment of monthly instalments of 5 per cent each, commencing on August 1, 1942; that the trustees of the First National Bank of Altamont, as the then holders of the note, prior to the entry of such order, filed in the federal court their written consent to the plan of reorganization and thereby consented to the extension of the time of payment as provided by the plan of reorganization, and that their written consent, so filed, was addressed to the defendant and H. R. Riedemann as trustees in the bankruptcy proceedings, and that such confirmation order of February 15, 1940, was entered in accordance with the petition of the defendant and Riedemann as such trustees.

In their reply to defendant's motion to dismiss, plaintiffs did not question or deny the allegations of fact contained in the motion but alleged that they had

no knowledge of the plan of reorganization of the Glove Company or of the extension of the time of payment of the note as provided in such plan until defendant filed herein his motion to dismiss.

The trial court granted defendant's motion and dismissed the suit on the ground that it was prematurely brought. Plaintiffs appeal.

The only question presented is whether or not the extension of time of payment provided by the federal court order had the effect of postponing defendant's liability on his guarantee. Defendant in his brief says that by reason of the fact that he as guarantor also consented to such plan of reorganization he does not contend that he is discharged as guarantor but takes the position that because of the extension his liability is simply postponed along with that of the maker.

Plaintiffs contend that the guarantee signed by the defendant is an absolute guarantee of payment of the note at the maturity thereof and that when the maker failed to pay the debt at maturity the defendant's liability became independent and fixed and that the liability so fixed could not be changed by the extension. Plaintiffs also contend that in order for the extension to be available to the defendant guarantor as a defense such extension must appear on the note so that all subsequent holders would have actual knowledge thereof.

The original parties to this note had the right to extend the time of payment. It was just as competent for them to extend the time of payment for a specified period as it was to fix the time of payment originally. In 8 Am. Juris., at page 32, it is said: "Such an extension postpones the time at which the instrument becomes due and payable, and any demand or suit brought to compel payment prior to the time to which the instrument has been extended is premature." The maker of the note in this case applied for a reorganization under the provisions of the Bankruptcy Act. In-

volved in such proceedings was an application for an extension of time of payment of its debts. The payees who were the then holders of the note voluntarily filed their consent in writing to the plan of reorganization and thereby agreed to the extension of time of payment. Not only were the holders of the note and the maker a party to such proceedings, but the defendant guarantor as one of the trustees in the bankruptcy proceedings petitioned for the entry of the confirmation order which extended the time of payment of the note. In view of these facts, it is our opinion that such bankruptcy proceedings suspended the payees' remedy on the note, against the guarantors as well as the maker, for the stipulated period provided by the federal court order, and that the plaintiffs are in no better position than their assignors.

There is no merit to plaintiffs' contention that the defense of extension of time of payment cannot be interposed against them because they acquired the note without notice of such extension. Plaintiffs are not holders in due course before maturity. They acquired the note after maturity, and took the note subject to any defenses that could be made to it had the suit been brought in the name of the original payees. (See *Bissell v. Curran,* 69 Ill. 20; *Wolford v. Rusk,* 145 Ill. App. 405.)

For the reasons indicated, the judgment of the trial court is affirmed.

*Affirmed.*